ASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Guadalupe Lucero-Gonzalez, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Kris Kline, et al., <br><br> Defendants. | No. CV-20-00901-PHX-DJH (DMF) <br><br> **ORDER** |

Plaintiffs Maria Guadalupe Lucero-Gonzalez, Claudia Romero-Lorenzo, Tracy Ann Peuplie, James Tyler Ciecierski, and Marvin Lee Enos, who are confined in CoreCivic's Central Arizona Florence Correctional Complex (CAFCC), have filed, through counsel on behalf of themselves and all others similarly situated, a civil rights Complaint pursuant to 28 U.S.C. §§ 1331, 1346, 2201-02, and 2241 (Doc. 1).  Plaintiffs have also filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2), and a Motion for Class Certification (Doc. 3).  The Court will order Defendants to answer the Complaint, and respond to the Motions.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.     Complaint**

In their Complaint, Plaintiffs name as Defendants: CAFCC Warden Kris Kline; United States Marshal for the District of Arizona David Gonzales; Director of the United States Marshals Service Donald W. Washington; and Director of the Federal Bureau of Prisons Michael Carvajal. All Defendants are sued in their official capacities. Put broadly, Plaintiffs allege that Defendants have violated their Fifth or Eighth Amendment rights by

placing them at unconstitutional risk from exposure to COVID-19.  They seek declaratory and injunctive relief.

The Court will require Defendants to answer the Complaint.

### III.  Motions

#### A.  Motion for Class Certification

Plaintiffs bring this action on behalf of themselves and a putative class consisting of "[a]ll current and future persons held by Defendants Kline, Gonzales[] and Washington in pretrial detention at [CAFCC]" (the "Pretrial Class"), and "[a]ll current and future persons held by Defendants Kline and Carvajal in post-conviction detention at [CAFCC]" (the "Post-Conviction Class").  Plaintiffs assert that the requirements of numerosity, commonality, typicality, and adequacy for a class action under Federal Rule of Civil Procedure 23 are satisfied.

Defendants will be required to respond to the Motion.

#### B.  Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiffs seek a "Rule 706 expert"[1] to "lead a review of CoreCivic to determine whether Defendants have implemented consistent social (or physical) distancing, novel coronavirus testing procedures, and hygienic practices sufficient to reasonably protect Plaintiffs and Class Members from contracting COVID-19 while in Defendants' custody," and, if not, to "submit to the Court … recommendations as to how such practices should be achieved and within what approximate timeline," and that Defendants be required to comply with and implement those recommendations.

Plaintiffs assert that they have provided Defendants with sufficient notice of this action and its requests for relief to justify entrance of a temporary restraining order without further notice. Fed. R. Civ. P. 65(b)(1).  However, given that Plaintiffs themselves seek an expert witness to determine the scope and specifics of any substantive injunctive order, the

---

[1] Rule 706 of the Federal Rules of Evidence provides for court-appointed expert witnesses.  Under that Rule "[t]he Court may appoint any expert that the parties agree on and any of its own choosing," "[b]ut the Court may only appoint someone who consents to act."  Fed.R.Evid. 706(a).

Court finds that irreparable harm will not occur prior to hearing from Defendants. Plaintiffs do not discuss who might serve as an expert, which only further supports providing Defendants an opportunity to respond.

Accordingly, Defendants will be required to respond to the Motion. However, given the time-sensitive nature of Plaintiffs' request and the harms alleged, the Court will expedite this matter.

**IT IS ORDERED:**

(1) Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied to the extent it seeks a temporary restraining order without notice to Defendants**.

(2) Plaintiffs must either serve Defendants in compliance with the applicable rules of the Federal Rules of Civil Procedure, and the Local Rules of this Court, or seek a waiver of service from Defendants.

(3) If Plaintiffs do not obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(4) Defendants must respond to the Motion for Class Certification (Doc. 3) and answer the Complaint (Doc. 1) or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(5) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

**(6)    NO LATER than 5:00 p.m. on THURSDAY, MAY 14, 2020, Defendants must RESPOND to the Motion for Temporary Restraining Order and Preliminary Injunction**. Plaintiffs may file a reply no later than 5:00 p.m. on Friday, May 15, 2020.

(7) The Clerk of Court must send a copy of this Order to counsel for CoreCivic,

Daniel P. Stuck, by email to dstruck@strucklove.com, and by certified mail to:

Daniel P. Struck
Struck Love Bojanowski & Acedo PLC
3100 W Ray Rd., Ste. 300
Chandler, AZ 85226

(8) The Clerk of Court must also send a copy of this Order by email to the United States Attorney for the District of Arizona, to the attention of Peter M. Lantka at peter.lantka@usdoj.gov and Mary Finlon at mary.finlon@usdoj.gov.

(9) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 11th day of May, 2020.

Honorable Diane J. Humetewa
United States District Judge