1  Daniel P. Struck, Bar No. 012377
   Rachel Love, Bar No. 019881
2  Nicholas D. Acedo, Bar No. 021644
   Jacob B. Lee, Bar No. 030371
3  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
   3100 West Ray Road, Suite 300
4  Chandler, Arizona  85226
   Telephone:  (480) 420-1600
5  dstruck@strucklove.com
   rlove@strucklove.com
6  nacedo@strucklove.com
   jlee@strucklove.com
7
   *Attorneys for Defendant-Respondent Kris Kline*
8
   MICHAEL BAILEY
9  United States Attorney
   District of Arizona
10 WILLIAM C. STAES
   Assistant United States Attorney
11 Illinois State Bar No. 6314835
   40 North Central Avenue, Suite 1800
12 Phoenix, AZ  85004-4449
   Telephone:  (602) 514-7500
13 Fax:  (602) 514-7693
   William.Staes@usdoj.gov
14
   *Attorneys for Defendants-Respondents*
15 *David Gonzales, Donald Washington,*
   *and Michael Carvajal*
16

17              **UNITED STATES DISTRICT COURT**

18                  **DISTRICT OF ARIZONA**

19 Maria Guadalupe Lucero-Gonzalez, et al.,     NO. CV-20-00901-PHX-DJH (DMF)

20                      Plaintiffs-Petitioners,   **DEFENDANTS-RESPONDENTS'**
                                                  **JOINT NOTICE OF PROPOSED**
21             v.                                 **RULE 706 EXPERT AND**
                                                  **OBJECTIONS**
22 Kris Kline, et al.,

23                    Defendants-Respondents.

24
25         Defendants-Respondents Kris Kline, Warden of the Central Arizona Florence

26 Correctional Complex ("CAFCC"); David Gonzales, U.S. Marshal for the District of

27 Arizona; Donald W. Washington, Director of the U.S. Marshals Service ("USMS"); and

28 Michael Carvajal, Director of the Federal Bureau of Prisons ("BOP"), by and through their

undersigned counsel, submit this Joint Proposed Rule 706 Expert and Objections. Despite conferring on the issue, the parties were unable to agree upon a Rule 706 expert.

## Respondents' Proposed Rule 706 Expert

In the event the Court finds that Petitioners have satisfied their high burden of establishing entitlement to a preliminary injunction, and that the appointment of a Rule 706 expert is appropriate injunctive relief, Respondents propose Jane E. Leonardson, M.D. A copy of her Curriculum Vitae has been provided to Petitioners' counsel and to the Court. Dr. Leonardson is the Chief Medical Information Officer for the University of Texas Medical Branch, which provides healthcare to inmates in the custody of the Texas Department of Criminal Justice ("TDCJ"). She has provided healthcare to detainees and inmates in the custodial setting for more than 25 years, including clinical medicine for the past 18 years. In her current position, she is part of a leadership team responsible for reviewing and approving policies related to COVID-19, and reviews files of asymptomatic patients. Although she has never served as a Rule 706 expert, she has served as a medical expert for TDCJ and the Cook County Department of Corrections in Illinois. She has also served as a consulting medical expert on behalf of Arizona inmates, and has conducted healthcare audits of California and Illinois prisons. To her knowledge, she has never been retained by the federal government or a private-prison operator, including CoreCivic, Inc., nor has undersigned counsel's law firm retained her in any other matter.

Dr. Leonardson is available to immediately serve as a Rule 706 expert and will do so objectively and neutrally.[1]

## Respondents' Objections to Petitioners' Proposed Rule 706 Expert

Petitioners have proposed Carlos Franco-Paredes, M.D. The Court should not appoint him for at least two reasons. First, it does not appear that he has ever worked or

---

[1] To minimize the risks that would accompany an in-person inspection of CAFCC (bringing COVID-19 into the facility), Dr. Leonardson agrees that a safer alternative is to conduct a live Zoom video inspection. Counsel has accomplished this in another case, and it proved to be as effective as an in-person inspection. This would also provide a recording of the inspection for the Court to review.

provided healthcare in a custodial-detention setting. It is not enough that he may have provided healthcare to inmates or detainees in his office. Actual experience providing healthcare *in* a custodial-detention setting is critical in understanding and appreciating the reasonableness of the COVID-19 response measures taken in light of the particular circumstances present at CAFCC, including safety and security concerns that administrators must balance. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Without it, the reasonableness calculus is myopic and skewed.

Second, Dr. Franco-Paredes cannot be objective, neutral, or impartial in his assessment of CAFCC's COVID-19 response protocols. Dr. Franco-Paredes recently published an opinion in the Colorado Sun that reflects his disdain for both public and private detention centers:

> As health professionals on the ground, we know the spread of coronavirus in detention centers is unavoidable, especially when we factor in both public and private detention center's history with medical negligence. Parallel to the growing pandemic, each day brings a new horror story of medical malfeasance, lack of adequate care and even preventable death due to incomplete treatment or care failures within the detention centers.
>
> ***
>
> Despite the continued evidence of abuse and immorality, GEO reported a net income of $33.4 million in the fourth quarter of 2018 and is valued at $2.3 billion.

(Attached as Exhibit 1, also found at https://coloradosun.com/2020/03/29/colorado-immigrant-detention-coronavirus-geo-opinion/.) In reaching this opinion, Dr. Franco-Paredes relied on a "report" issued by the American Civil Liberties Union ("ACLU"), which is counsel for Petitioners in this case. (*Id*.)

It also appears that Dr. Franco-Paredes has already fortified an opinion as to what every detention center should do in response to COVID-19: release the detainees. Just a few weeks ago, Dr. Franco-Paredes published an article in The Lancet, opining just that:

> Because of the existing barriers to adequate mitigation, containment, and provision of medical care in detention facilities, the policy response to this crisis must involve the release of individuals in ICE detention and a halt of ICE

enforcement action in the community. These actions should include the immediate release on humanitarian parole of individuals at risk of severe disease and death due to COVID-19 infection. An even more robust and effective response would be to release all individuals who do not represent a threat to public safety. This does not represent amnesty, but rather the use of existing structures within the DHS and the US Department of Justice to enforce immigration laws in the community setting.

(Attached as Exhibit 2, also found at https://www.thelancet.com/pdfs/journals/laninf/PIIS 1473-3099(20)30295-4.pdf.)

Dr. Franco-Paredes has openly advertised his views, preparing letters to "Policymakers, Judicial Officers, Sheriffs, Wardens, and Parole Boards," as well as ICE. (Attached as Exhibit 3.) There, he again proclaims: "The prompt release of individuals with medical conditions at risk of severe disease and death due to coronavirus infection, and prompt reduction in incarcerated populations overall, is necessary to reduce the impact of this outbreak." (*Id.*) The ACLU of Colorado has posted a copy of one of these letters on its website. *See* https://acluco-wpengine.netdna-ssl.com/wp-content/uploads/2020/03/COVID-19-Letter-C-Franco-Paredes-MD.pdf (last visited May 22, 2020).

Apparently taking notice, detainees across the country have retained Dr. Franco-Paredes in pursuit of their own relief. Indeed, Dr. Franco-Paredes has submitted many declarations in support of detainee requests for injunctive relief. *See*, *e.g.*, *Cameron v. Bouchard*, 20-cv-10949-LVP-MJH (E.D. Mich.), Dkt. 42, filed Apr. 30, 2020; *Carranza v. Reams*, 20-cv-00977-PAB-SKC (D. Colo.), Dkt. 49-1, filed Apr. 28, 2020; *Heredia Mons v. McAleenan*, 19-cv-01593-JEB (D.D.C.), Dkt. 61-12, filed Mar. 31, 2020; *Fraihat v. U.S. I.C.E.*, 19-cv-01546-JGB-SHK (C.D. Cal.), Dkt. 81-12, filed Mar. 31, 2020.[2]

In those declarations, Dr. Franco-Paredes of course opines that the only effective solution is to reduce the detainee population by releasing them. *See Cameron* Decl. ("Therefore, the single most important intervention in controlling a COVID-19 outbreak at

---

[2] Other declarations are sealed on the docket and cannot be viewed by the public. *See*, *e.g.*, *Ruderman v. Kolitwenzew*, 20-cv-02082-SEM-TSH (C.D. Ill.), Dkt. 1, Ex. 1; *Doe v. Barr*, 20-cv-02141-LB (N.D. Cal.), Dkt. 1-3 at 78–90, filed Mar. 28, 2020.

Oakland County Jail is continuing to reduce population density to achieve meaning social distancing. In this context, unless more inmates are released from jail, protecting the medically vulnerable at high risk of developing severe disease and dying from COVID-19, is certainly almost impossible with current interventions."); *Carranza* Decl. ("Reduction of population should occur to allow the maximum amount of social distancing possible, with a guarantee of social distancing for high risk inmates, discussed further below."); *Frahait* Decl. ("Therefore, it is my professional view that releasing detainees/asylum seekers on humanitarian parole from these centers constitutes a high-yield public health intervention that may significantly lessen the impact of this outbreak not only within detention centers but among the communities surrounding these centers."); *Heredia Mons* Decl. ("Reducing the number of incarcerated individuals is necessary for effective infection control and sanitization practices that could dramatically reduce the burden COVID-19 will inevitably place on our health system."). Respondents' lack of confidence in Dr. Franco-Paredes' objectivity and impartiality is enhanced by the fact that, in two of these cases, he was retained by regional affiliates of the ACLU—*Cameron* (ACLU of Michigan) and *Carranza* (ACLU of Colorado).

It is no wonder why Petitioners have proposed Dr. Franco-Paredes to be the court-appointed expert in this case. He will undoubtedly recommend the exact relief they are seeking. But "Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Womack v. GEO Grp., Inc.*, No. CV-12-1524-PHX-SRB, 2013 WL 2422691, at *2 (D. Ariz. June 3, 2013) (citation omitted). It "only allows a court to appoint a neutral expert[,]" someone who can "assist [the Court], not to serve as advocate." *Id*. (citation omitted). Dr. Franco-Paredes does not fit that bill.[3]

---

[3] Respondents objected to Petitioners' other proposed experts for the same reasons. They either did not have experience working or providing healthcare in a custodial-detention setting and/or their extreme bias against detention centers (or detention in general) was apparent from a quick internet search. If the Court is interested in any of them, Respondents request an opportunity to state their particular objections.

DATED this 22nd day of May 2020.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By ___/s/ Nicholas D. Acedo_____
    Daniel P. Struck
    Rachel Love
    Nicholas D. Acedo
    Jacob B. Lee
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

    *Attorneys for Defendant-Respondent Kris Kline*

MICHAEL BAILEY
United States Attorney
District of Arizona

By ___/s/ Nicholas D. Acedo (with authority)___
    William Staes
    Assistant United States Attorney

    *Attorneys for Defendants-Respondents David Gonzales, Donald W. Washington, and Michael Carvajal*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alejandro Agustin Ortiz | ortiza@aclu.org |
| Benjamin C. Calleros | bcalleros@perkinscoie.com |
| Emma A. Andersson | eandersson@aclu.org |
| Jean-Jacques Cabou | jcabou@perkinscoie.com |
| Margo R. Casselman | mcasselman@perkinscoie.com |
| Mathew R. Koerner | mkoerner@perkinscoie.com |
| Christine K. Wee | cwee@acluaz.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| William Charles Staes | William.Staes@usdoj.gov |

/s/ Nicholas D. Acedo

3711574