Jean-Jacques Cabou (#022835)
Matthew R. Koerner (#035018)
Margo R. Casselman (#034963)
Benjamin C. Calleros (#034763)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602-351-8000
Facsimile: 602-648-7000
JCabou@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com
BCalleros@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiffs–Petitioners*
*(additional counsel identified on signature page)*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Guadalupe Lucero-Gonzalez, et al., | No. CV-20-00901-PHX-DJH (DMF) |
| Plaintiffs, | **PLAINTIFFS' PROPOSED RULE 706 EXPERT AND OBJECTIONS** |
| v. | |
| Kris Kline, et al., | |
| Defendants. | |

Pursuant to the Court's order (Doc. 19), Plaintiffs recommend the appointment of Dr. Carlos Franco-Paredes as a Rule 706 expert to conduct the inspection and analysis sought by Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2).

**I.    Plaintiffs' proposed Rule 706 expert is qualified to assist this Court.**

The Court should select Dr. Franco-Paredes because he is uniquely qualified to conduct this inspection, as shown by his letter to the Court and accompanying CV,[1] and as reflected by fact that in the last two months three federal judges have accepted his expertise to conduct the

---

[1] Doc. 18-1 at 45–66.

same basic inspection that Plaintiffs seek here.

**1)** *Carranza v. Reams*, **No. 20-cv-00977-PAB-SKC (D. Colo.)**

In *Carranza v. Reams*, the detainee-plaintiffs there allege the same basic allegations as Plaintiffs here—that the threat of COVID-19 infection at their place of detention, in that case Weld County Jail in Colorado, is unconstitutional.[2]

Although the plaintiffs there initially offered Dr. Franco-Paredes as an expert,[3] the defendant stipulated to Dr. Franco-Paredes' expertise in medicine, public health, and infectious disease.[4] Dr. Franco-Paredes conducted two inspections of the jail, on April 10 and April 24, 2020,[5] and testified regarding his findings.[6] The Court thereafter issued a ruling on the plaintiffs' motion for a temporary restraining order, repeatedly relying on the testimony of Dr. Franco-Paredes in making its findings.[7]

**2)** *Cameron v. Bouchard*, **No. 20-cv-10949-LVP-MJH (E.D. Mich.)**

The same basic allegations were made by detainees in *Cameron v. Bouchard*—this time regarding the conditions at the Oakland County Jail in Michigan.[8]

There again, though Dr. Franco-Paredes was brought into the case by the plaintiffs, the parties stipulated for Dr. Franco-Paredes to inspect the jail on April 23, 2020,[9] after which he submitted a written report on his findings.[10] On May 20, 2020, the Court issued a ruling repeatedly citing Dr. Franco-Paredes' inspection report.[11]

**3)** *Seth v. McDonough*, **No. 20-cv-01028-PX (D. Md.)**

Finally, and most relevant here, was Dr. Franco-Paredes' recent participation in *Seth v.*

---

[2] *Carranza v. Reams*, No. 20-CV-00977-PAB-SKC, 2020 WL 2320174, at *1 (D. Colo. May 11, 2020).
[3] Letter, *Carranza v. Reams*, 20-cv-00977-PAB-SKC (D. Colo. Apr. 7, 2020), ECF No. 1-2.
[4] *Carranza v. Reams*, 2020 WL 2320174, at *5 ("Defendant stipulated to Dr. Franco-Paredes' qualifications as an expert in medicine, public health, and infectious disease.").
[5] *Id.*
[6] *Id.*
[7] *Id.* at *8, 9, 13.
[8] Opinion, *Cameron v. Bouchard*, 20-cv-10949-LVP-MJH (E.D. Mich. May 21, 2020), ECF No. 93 at 2, attached as Exhibit A.
[9] *Id.* at 4 (citing Court's Inspection Order, ECF No. 27, attached as Exhibit B).
[10] Exhibit A at 15 (citing Dr. Franco Paredes' report, ECF No. 42).
[11] *Id.* at 4, 15, 22, 23.

*McDonough*. In that case, as the first two, the same basic allegations were made by detainees against jail officials.[12] There, the Court appointed Dr. Franco-Paredes as Rule 706 expert to inspect the conditions at the Prince George's County Jail in Maryland.[13]

As explained by the court, over the course of two visits, Dr. Franco-Paredes interviewed 41 detainees, several corrections officers and command staff, the resident physician, nurses, the resident psychologist, and the defendant corrections official.[14] Within 72 hours of the inspections, Dr. Franco-Paredes completed a written report and answered follow-up questions.[15]

Yesterday, May 21, 2020, the court there—like the other two cases—issued a ruling based in part on Dr. Franco-Paredes's findings.[16]

## II.   Defendants' proposed Rule 706 expert is not the best choice for this case.

Defendants' selection for the Rule 706 role is Dr. Jane Leonardson.[17] The Court should reject Defendants' choice because, based on the scant information Defendants have provided, she is unqualified to conduct this inspection.

First, unlike Dr. Franco-Paredes, Dr. Leonardson provided no information on the work she would do if appointed by the Court.[18] Rather, the only thing Defendants did say about the particulars of her work is that she would *not* inspect CAFCC in person, instead noting that Dr. Leonardson has ironically opined that "a safer alternative is to conduct a live Zoom video inspection."[19] Second, her specialty appears to be internal medicine, not infectious diseases.[20] The question for the expert is whether Defendants have implemented social distancing, testing procedures, and hygienic practices sufficient to protect detainees from contracting COVID-

---

[12] Memorandum Opinion at 4, *Seth v. McDonough*, No. 20-cv-01028-PX (D. Md. May 21, 2020), ECF No. 84, attached as Exhibit C.
[13] Order, *Seth v. McDonough*, 20-cv-01028-PX (D. Md. May 1, 2020), ECF No. 53, attached as Exhibit D.
[14] Exhibit C at 12.
[15] *Id.*
[16] *See id.*
[17] Doc. 25.
[18] *See id.*
[19] *Id.* at 2 n.1.
[20] *Id.*

-3-

19. To answer this question, the court should appoint an expert trained specifically in infectious diseases, one equipped to assess the unique risk of contagion posed by COVID-19. Dr. Leonardson is not that expert. Third, Defendants frame her current position in corrections as a point in her favor. Plaintiffs disagree for two reasons: first, it suggests bias in favor of correctional institutions, and second, it does nothing to establish her expertise to answer whether she can assess the safety of detainees amid the threat of COVID-19 infection. Indeed, the term "COVID" appears nowhere in her CV.

### III.  DR. FRANCO-PAREDES IS THE MOST QUALIFIED OF THE TWO OPTIONS.

The Court should appoint the most qualified of the two options presented. As shown above, Dr. Franco-Paredes has the most relevant corrections experience here—having inspected the conditions detainees face amid the threat of COVID-19 infection at three separate jails. By contrast, there is no evidence that Dr. Leonardson has conducted a similar inspection. And Dr. Leonardson has said that if appointed she would not inspect CAFCC in person because there is a "safer alternative."

As to Defendants' claim of bias, they are unfounded. Defendants have argued that Dr. Franco-Paredes would be biased against them, but Defendants' critique of Dr. Franco-Paredes as biased applies with equal force to Dr. Leonardson. She is employed as a high-level official in a corrections system. One could argue, therefore, that she has a financial incentive to ensure that corrections facilities avoid liability for COVD-19 outbreaks. By contrast, Dr. Franco-Paredes is employed by a university and a court, and he has declined payment in all the cases on which he has worked in the COVID-19 context. His bias, to the extent he has any, is ensuring detainees are safe against the threat of COVID-19. Given the stakes and risk of contagion for staff and the surrounding community, Defendants should share that bias here. Finally, any questions of bias or credibility can be resolved by the court when assessing the expert's findings. Defendants, for their part, do not in any way question the qualifications for Dr. Franco-Paredes to do this job.

### IV.  CONCLUSION

Plaintiffs respectfully urge the Court to join several others that have recently appointed

Dr. Franco-Paredes and to appoint him as a Rule 706 expert to conduct an in-person inspection.

Dated: May 22, 2020                             **PERKINS COIE LLP**

By: /s/ Jean-Jacques Cabou
  Jean-Jacques Cabou (#022835)
  Matthew R. Koerner (#035018)
  Margo R. Casselman (#034963)
  Benjamin C. Calleros (#034763)
  PERKINS COIE LLP
  2901 North Central Avenue, Suite 2000
  Phoenix, Arizona 85012-2788

By: /s/ Alejandro A. Ortiz
  Emma Andersson
  eandersson@aclu.org
  Taylor Brown*
  tbrown@aclu.org
  Alejandro Ortiz
  ortiza@aclu.org
  Chase Strangio*
  cstrangio@aclu.org
  AMERICAN CIVIL LIBERTIES UNION FOUNDATION
  125 Broad St., 18th Fl.
  New York, New York 10004
  Telephone: 917-345-1742

  Somil Trivedi*
  strivedi@aclu.org
  AMERICAN CIVIL LIBERTIES UNION FOUNDATION
  915 15th St., NW
  Washington, DC 20012
  Telephone: 202-715-0802

  Jared G. Keenan (#027068)
  jkeenan@acluaz.org
  Christine K. Wee (#028535)
  CWee@acluaz.org
  AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA
  3707 N. 7th Street, Suite 235
  Phoenix, AZ 85014

*Attorneys for Plaintiffs*
*Applications for *pro hac vice* forthcoming.

# CERTIFICATE OF SERVICE

☒ I hereby certify that on May 22, 2020, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of same to:

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Nicholas D. Acedo, Bar No. 021644
Jacob B. Lee, Bar No. 030371
STRUCK LOVE BOJANOWSKI& ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
jlee@strucklove.com
*Attorneys for Respondent Kline*

AUSA William Staes
Two Renaissance Square
40 N. Central Ave, Suite 1200
Phoenix, Arizona 85004
William.Staes@usdoj.gov
*Attorney for David Gonzlaes, Donald W. Washington and Michael Carvajal*

By: <u>Indy Fitzgerald</u>
Perkins Coie, LLP

148302675.1