Jean-Jacques Cabou (#022835)
Matthew R. Koerner (#035018)
Margo R. Casselman (#034963)
Benjamin C. Calleros (#034763)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602-351-8000
Facsimile: 602-648-7000
JCabou@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com
BCalleros@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiffs–Petitioners*
*(additional counsel identified on signature page)*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Guadalupe Lucero-Gonzalez, Claudia Romero-Lorenzo, Tracy Ann Peuplie, and James Tyler Ciecierski, each individually and on behalf of all others similarly situated, | No. CV-20-00901-PHX-DJH (DMF) |
| Plaintiffs–Petitioners, | **PLAINTIFFS-PETITIONERS' MOTION FOR ACCELERATED AND EXPEDITED DISCOVERY** |
| v. | **(Expedited Consideration Requested)** |
| Kris Kline, Warden of the Central Arizona Florence Correctional Complex; David Gonzalez, U.S. Marshal for the District of Arizona; Donald W. Washington, Director of the U.S. Marshals Service; Michael Carvajal, Director of the Federal Bureau of Prisons, in their official capacities, | |
| Defendants–Respondents. | |

Under Federal Rule of Civil Procedure 26(d), Plaintiffs-Petitioners ("Plaintiffs") move this Court to order accelerated and expedited discovery to support Plaintiffs' forthcoming motion for preliminary injunctive relief. Pursuant to Local Rule 7.2(j), counsel for Plaintiffs conferred in good faith with counsel for Defendants-Respondents ("Defendants") regarding this Motion, but the parties were unable to reach an agreement regarding Plaintiffs' request for limited discovery.[1]

**MEMORANDUM IN SUPPORT**

When this Court denied Plaintiffs' motion for a preliminary injunction, the Court recognized that "if circumstances develop to where Plaintiffs again believe irreparable harm may result without preliminary injunctive relief, they may seek such relief by new motion to this Court." (Doc. 29 at 19) Since then, conditions at CoreCivic Inc.'s Central Arizona Florence Correctional Complex ("CAFCC") have spiraled out of control. When Plaintiffs first moved for injunctive relief, 13 detainees had tested positive for COVID-19;[2] as of August 3, 2020, 313 detainees have tested positive.[3] That represents an 81.5% positivity rate, based on the 384 total COVID-19 tests that CAFCC has administered on detainees as of August 3, 2020.[4] And at least one detainee who contracted COVID-19 at CAFCC has died.[5]

To prevent the ongoing and irreparable harm that Plaintiffs face from these worsening conditions, which expose Plaintiffs to unreasonable risks of contracting COVID-19 and suffering serious bodily injury, Plaintiffs are preparing to move for injunctive relief as soon as practicable. In support of that forthcoming motion, Plaintiffs respectfully move this Court for limited, expedited discovery that will neither prejudice nor unduly burden Defendants, but will materially aid the Court in understanding the circumstances at CAFCC. The Court should grant Plaintiffs' Motion because (1) the harms Plaintiffs face are significant; (2) "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief"; and (3) courts

---

[1] *See* Local Rule 7.2(j) Certification of Matthew R. Koerner, attached as Exhibit B.
[2] *See* Doc. 2 at 3.
[3] *See* Declaration of Jean-Jacques Cabou ("Cabou Decl."), attached as Exhibit C, ¶ 4(ee).
[4] *Id.* ¶ 5.
[5] *Id.* ¶ 6.

"routinely grant[] expedited discovery in cases involving challenges to constitutionality of government action." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).

## I.     Background

Plaintiffs filed this case on May 8, 2020, challenging unconstitutional and unsafe conditions at CAFCC due to the growing outbreak of COVID-19 and Defendants' failure to protect Plaintiffs and the putative classes. (*See* Doc. 1) In response to Plaintiffs' initial motion for a preliminary injunction (Doc. 2), Defendants submitted lengthy written policies and declarations from high-level officials to argue that Plaintiffs' concerns did "not reflect *at all* the reality of what is actually happening at CAFCC or the significant efforts and measures [Defendants] have taken in response to COVID-19." (Doc. 16 at 5) For their part, Plaintiffs submitted their own declarations reporting a starkly different reality (Docs. 1-5, 1-6, 1-7, 1-8, 1-9; Doc. 18-1 at 8-10), but Plaintiffs faced inherent difficulty in accessing other evidence while detained and largely isolated due to the COVID-19 pandemic. The Court denied Plaintiffs' initial request for a preliminary injunction "without prejudice" on June 2, 2020, reasoning that "Plaintiffs have failed to demonstrate that they are likely to succeed on the merits of their claims that . . . any delay or noncompliance with those policies was sufficiently unreasonable or widespread to amount to a de facto policy, practice, or custom that was deliberately indifferent to their health or safety." (Doc. 29 at 19; *see also* Doc. 45 at 4 (clarifying the reasoning of that order)) As stated above, the Court recognized that "if circumstances develop to where Plaintiffs again believe irreparable harm may result without preliminary injunctive relief, they may seek such relief by a new motion to this Court." (Doc. 29 at 19)

Since the Court's ruling, and despite Defendants' assurances and purportedly extensive measures, COVID-19 has rapidly spread throughout CAFCC. As of August 3, 2020, and as noted above, CAFCC has administered on detainees a total of only 384 COVID-19 tests.[6] Of those, 313 detainees—81.5% of all those tested—have tested positive for COVID-19.[7] And at

---

[6] *Id.* ¶ 5.
[7] *Id.*

least one detainee, who contracted COVID-19 at CAFCC, has died from COVID-19.[8] The below line graph—based on CAFCC's own reports of the number of positive COVID-19 cases[9]—illustrates this skyrocketing trajectory:



Defendants can no longer deny the reality that they have failed to protect Plaintiffs from these unreasonable, obvious risks, and that Defendants' failure to do so "amount[s] to a de facto policy, practice, or custom that was deliberately indifferent to [Plaintiffs'] health or safety." (Doc. 45 at 4).

Though troubling, these numbers are unsurprising considering Defendants' unreasonable actions and inaction to protect Plaintiffs and other detainees from COVID-19. In recent weeks, Defendants have *still* failed to adopt or implement measures that public-health experts recommend to slow the spread of COVID-19 in congregate-living settings. They have

---

[8] *Id.* ¶ 6.
[9] This chart was compiled using periodic reports sent by CAFCC, reporting on COVID-19 testing and results among detainees at CAFCC. *See id.* ¶ 4(a)–(ee).

also discontinued some preventative measures they previously adopted in response to this lawsuit.[10] Conditions at CAFCC also have deteriorated due, in part, to inadequate staffing resulting from the numerous staff and detainees at CAFCC who have tested positive for COVID-19.[11] These failings have contributed to the rapidly increasing number of positive cases and the commensurately increasing risk of harm to all CAFCC detainees—not to mention CAFCC staff and the Pinal County community and its already overburdened health care system.

Because "circumstances [have] develop[ed] to where Plaintiffs again believe irreparable harm may result without preliminary injunctive relief" (Doc. 29 at 19), Plaintiffs are preparing a new motion for injunctive relief. In support of that motion and based on this Court's orders clarifying that "Plaintiffs . . . must demonstrate that their injuries were caused by a policy, practice, or custom of the Defendants' agencies" (*id.* at 17; *see also* Doc. 45 at 3), Plaintiffs seek limited discovery in support of their forthcoming motion for injunctive relief.

## II.     Proposed Requests and Timeline

Plaintiffs respectfully request limited discovery regarding the conditions of confinement and procedures and practices related to COVID-19 at CAFCC, attached as Exhibit A. Plaintiffs propose to propound seven interrogatories, seven document requests, and two requests for admission, all narrowly tailored to produce information regarding the conditions of confinement and the cleaning, testing, quarantine, and other preventative procedures and practices related to COVID-19 at CAFCC. Additionally, Plaintiffs request that CAFCC Warden Kris Kline and Chief Medical Officer Dr. Keith Ivens each be made available for limited video depositions not to last longer than four hours (record time) each. Plaintiffs intend to depose Mr. Kline and Dr. Ivens—both of whom have provided declarations in this action (*see* Docs. 16-2, 16-3, 41-1, 48-1)—regarding the conditions of confinement and procedures

---

[10] *See* Supplemental Declaration of James Tyler Ciecierski ("Supp. Ciecierski Decl."), attached to this Motion as Exhibit D, ¶¶ 6, 9–18; Supplemental Declaration of Tracy Ann Peuplie, ("Supp. Peuplie Decl."), attached as Exhibit E, ¶¶ 5, 7–11.
[11] *See* Supp. Ciecierski Decl. ¶ 19; Supp. Peuplie Decl. ¶ 12.

related to COVID-19 at CAFCC, including any documents produced through Plaintiffs' requests.[12]

To allow sufficient time for Defendants to produce the discovery and for Plaintiffs to review it and potentially share relevant portions with experts, Plaintiffs request that Defendants' responses to the discovery requests be due within the following deadlines:

- Interrogatories and Requests for Admission: five days from the Court's order granting expedited discovery.
- Document Requests: eight days from the Court's order granting expedited discovery.
- Deposition of Kris Kline and Dr. Keith Ivens: twelve days from the Court's order granting expedited discovery.

Given the immediate and grave danger that COVID-19 presents within detention facilities like CAFCC and given the recent surge in positive cases of COVID-19 at CAFCC, Plaintiffs cannot wait for the regular discovery timeline. These discovery requests are narrowly tailored to obtain only critical information, to minimize the burden on Defendants, and to allow Plaintiffs to prepare for their forthcoming motion for a preliminary injunction.

### III.   Argument

**A.   This Court may order expedited discovery when good cause exists.**

This Court may order expedited discovery under Federal Rule of Civil Procedure 26(d)(1) for "good cause." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001). This Court and others have adopted this standard when considering motions for expedited discovery. *See, e.g., Best W. Int'l, Inc. v. Doe*, CV-06-1537-PHX-DGC, 2006 WL 2091695, at *1 (D. Ariz. July 25, 2006); *Renaud v. Gillick*, No. C06-1304RSL, 2007 WL 98465, at *2 (W.D. Wash. Jan. 8, 2007); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002) (adopting *Yokohama*'s good cause standard and noting that *Yokohama*'s

---

[12] To the extent either Mr. Kline or Dr. Ivens claim to lack knowledge of the proposed subject matter, Defendants may name, in lieu of either proposed deponent, someone in their organization who is most knowledgeable on the subject matter in the form of a deposition under Federal Rule of Civil Procedure 30(b)(6).

holding was grounded in Ninth Circuit precedent that "applied the general good cause standard employed in Rules 34 and 15").

Under this standard, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. In making this determination, courts consider whether the movants have "narrowly tailored their request for expedited discovery." *Ellsworth*, 917 F. Supp. at 844.[13] Relatedly, courts consider whether the discovery requests place an undue burden on the party opposing expedited discovery, in light of the proponent's need for the discovery and narrow-tailoring of its requests. *See, e.g.*, *Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*, No. 17-cv-1054-BAS-JMA, 2018 WL 1150836, at *5–6 (S.D. Cal. Mar. 5, 2018) (applying *Yokohama*'s good cause standard and reviewing the plaintiff's discovery requests to determine whether they were unduly burdensome).

Expedited discovery "is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Ellsworth*, 917 F. Supp. at 844; *see also Meritain Health Inc. v. Express Scripts, Inc.*, No. 4:12-CV-266 CEJ, 2012 WL 1320147, at *2 (E.D. Mo. Apr. 17, 2012) ("Expedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing."); *Yokohama*, 202 F.R.D. at 613 ("Expedited discovery has been ordered where it would 'better enable the court to judge the parties' interest and respective chances for success on the merits' at a preliminary injunction hearing." (citation omitted)); Fed. R. Civ. P. 26(d) advisory committee's note to the 1993 amendment (expedited discovery appropriate "in some cases, such as those involving requests for a preliminary injunction"). Courts have also "routinely granted expedited discovery in cases involving challenges to [the] constitutionality of government action." *Ellsworth*, 917 F. Supp. at 844; *see, e.g.*, Order, *Jane Doe #1 v. Johnson*, No. CV 15-250 TUC DCB (D. Ariz. Aug. 14, 2015), ECF No. 51 ("find[ing] good cause for the expedited discovery

---

[13] In adopting the "good cause" standard, the court in *Yokohama* relied on *Ellsworth*'s holding regarding the propriety of expedited discovery where a plaintiff seeks injunctive relief. *Yokohama*, 202 F.R.D. at 613.

because it is needed by Plaintiffs to prepare and file a Motion for Preliminary Injunction" against the government). Further, "[e]xpedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if [they] were required to wait the normal time." *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen*, 548 Supp. 248, 250 (S.D. Fla. 1982). All are true here.

### B. Good cause exists to allow narrow, expedited discovery in support of Plaintiffs' forthcoming motion for injunctive relief.

Good cause exists here for expedited discovery for the same reasons articulated in the above cases, as well as additional reasons unique to this case. Plaintiffs seek expedited discovery to gather further evidence in support of an anticipated motion for injunctive relief and any associated hearing. The discovery Plaintiffs seek cannot wait until later stages of the case. The COVID-19 emergency in CAFCC is rapidly worsening. Despite the alarming reality of the COVID-19 pandemic, Defendants continue to shirk their responsibility to provide constitutionally adequate conditions of confinement and implement the necessary cleaning, testing, and social distancing procedures.[14] Absent injunctive relief, Plaintiffs will continue to face an unreasonable risk of serious harm or death at CAFCC. Finally, Plaintiffs' efforts to prepare that motion for injunctive relief are hampered due to their limited access to counsel and their confinement and seclusion at CAFCC—including being denied access to counsel while under quarantine, sometimes for several weeks, and while locked in their cells sometimes for up to 36 hours straight.[15]

Without an order expediting limited discovery, Plaintiffs will be forced to wait months to acquire evidence necessary to support their motion for injunctive relief. Such a delay is unwarranted in the face of the ongoing and systematic constitutional violations and failures on the part of the Defendants, which could have lethal consequences for Plaintiffs. Good cause therefore exists for the limited discovery Plaintiffs seek.

---

[14] *See* Supp. Ciecierski Decl. ¶¶ 6–19; Supp. Peuplie Decl. ¶¶ 5–13.
[15] *See* Supp. Peuplie Decl. ¶ 13.

**C.     Plaintiffs' discovery requests are narrowly tailored.**

Good cause is further supported by the fact that "[P]laintiffs have narrowly tailored their request for expedited discovery." *Ellsworth*, 917 F. Supp. at 844. Plaintiffs seek only the information necessary to address the specific concerns this Court expressed in denying Plaintiffs' initial motion for a preliminary injunction—information that is exclusively controlled by and accessible to Defendants.

Plaintiffs requests are confined to a brief time period, seek specific and limited documents and information, and are crafted to provide Plaintiffs with critical information while placing minimal burden on Defendants. For example, Plaintiffs are not asking to review all surveillance footage throughout the relevant time period, to conduct extensive depositions, or to inspect CAFCC. Rather, Plaintiffs request only two days' surveillance footage from specific locations in specific Pods at CAFCC and a total of two brief depositions to be conducted and concluded within one day.

Recognizing the urgency of these circumstances and the inherent imbalance of access to information in these cases, courts have recently granted expedited discovery in similar cases involving challenges to prison conditions during the COVID-19 crisis. *See, e.g.*, *Malam v. Adducci*, No. 20-10829, 2020 WL 3250221, at *1 (E.D. Mich. June 16, 2020) (granting expedited discovery to federal inmate plaintiffs where plaintiffs' need for the requested information in light of their pending motion outweighed the administrative burden on defendants); *Martinez-Brooks v. Easter*, -- F. Supp. 3d --, No. 3:20-cv-00569 (MPS), 2020 WL 2405350, at *1 (D. Conn. May 12, 2020) (ordering expedited discovery to facilitate the court's adjudication of detainee-plaintiffs' claims of unconstitutional conditions of confinement against the Federal Bureau of Prisons due to a COVID-19 outbreak at the prison); *see also* Civil Minutes, *Ahlman v. Barnes*, No. 8:20-cv-00835-JGB-SHK (C.D. Cal. June 26, 2020), ECF No. 93 (granting inmate-plaintiffs' motion for expedited discovery, including request for written discovery, an inspection of the jail, and video depositions).

**D.    Plaintiffs' discovery requests will not unduly burden Defendants, and any burden is outweighed by Plaintiffs' compelling need.**

Plaintiffs' limited discovery request will not unduly burden or prejudice Defendants. As described above, Plaintiffs' requests are narrowly tailored to those categories of information expected to directly support their motion for injunctive relief.

Plaintiffs' request for only a few surveillance tapes, for example, would not unduly burden Defendants—as evidenced by the fact that, in responding to Plaintiffs' earlier motion within only *three* days from this Court's order (Doc. 6), Defendants submitted numerous exhibits taken from various surveillance cameras at CAFCC. (*See, e.g.*, Docs. 16-5 at 2, 21, 22, 23; 16-6 at 78; 16-7 at 13, 16) And all of the information that Plaintiffs seek already exists, is under Defendants' control, and is easily accessible to Defendants. *See Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008) (granting motion to expedite discovery where request was narrowly tailored and incorporated "a limited set of documents and physical samples"); *see also Simon v. Republic of Hungary*, No. 10-01770 (BAH), 2012 WL 13069772, at *6 (D.D.C. Oct. 19, 2012) (granting motion for expedited oral deposition where "defendants would not be overly burdened by the limited scope of the plaintiffs' expedited discovery request" because defendants would not have to travel to attend the deposition and the failing health of the elderly deponent created the risk of irreparable injury to plaintiffs, and thus, "the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted" (citation omitted)).

Plaintiffs' narrowly tailored requests therefore impart minimal burden on Defendants, weighing in favor of granting Plaintiffs' motion to expedite discovery. *See, e.g.*, *Icon Health & Fitness, Inc. v. Johnson Health Tech N. Am., Inc.*, No. 10-cv-00209, 2011 WL 13136539, at *3 (D. Utah Mar. 1, 2011) (granting expedited discovery, including limited depositions, where defendant's burden was alleviated by "narrow scope of the discovery requests along with the adequate notice provided to defendant"); *cf. Fimab-Finanziaria*, 548 F. Supp. at 250 (granting expedited discovery and ordering the opposing party's depositions, ordering production of documents and items, and ordering the seizure of certain items).

In contrast with this minimal burden on Defendants, Plaintiffs have a great need for expedited discovery. Expediting discovery will avoid months of delay—delay that would be potentially deadly for Plaintiffs—and will enable the Court to fully adjudicate the motion for preliminary injunction considering the most relevant evidence to Plaintiffs' grave constitutional claims. Plaintiffs therefore have a compelling "need for expedited discovery, in consideration of the administration of justice," that overwhelms the minimal burden the requests would place on Defendants. *Semitool*, 208 F.R.D. at 276.

### IV. Conclusion

For the reasons above, Plaintiffs respectfully request that the Court enter the accompanying proposed order granting limited expedited discovery.

Dated: August 11, 2020

**PERKINS COIE LLP**

By: *s/ Benjamin C. Calleros*
Jean-Jacques Cabou (#022835)
Matthew R. Koerner (#035018)
Margo R. Casselman (#034963)
Benjamin C. Calleros (#034763)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

Emma Andersson*
eandersson@aclu.org
Taylor Brown**
tbrown@aclu.org
Alejandro Ortiz*
ortiza@aclu.org
Chase Strangio**
cstrangio@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Fl.
New York, New York 10004
Telephone: 917-345-1742

Somil Trivedi*
strivedi@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St., NW
Washington, DC 20012
Telephone: 202-715-0802

Jared G. Keenan (#027068)
jkeenan@acluaz.org
Christine K. Wee (#028535)
CWee@acluaz.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014

*Attorneys for Plaintiffs-Petitioners*
* Admitted *pro hac vice*.
** Applications for *pro hac vice* forthcoming.

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on August 11, 2020, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of same to:

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Nicholas D. Acedo, Bar No. 021644
Jacob B. Lee, Bar No. 030371
STRUCK LOVE BOJANOWSKI& ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
jlee@strucklove.com
*Attorneys for Respondent Kline*

AUSA William Staes
Two Renaissance Square
40 N. Central Ave, Suite 1200
Phoenix, Arizona 85004
William.Staes@usdoj.gov
*Attorney for David Gonzlaes, Donald W. Washington and Michael Carvajal*

By: *s/ Stephanie Lawson*
Perkins Coie, LLP