# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Claudia Romero-Lorenzo, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Brian Koehn, et al., <br><br> Defendants. | No. CV-20-0901-PHX-DJH (DMF) <br><br> **CASE MANAGEMENT ORDER** |

On April 26, 2021, a Telephonic Case Management Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a First Amended Case Management Report (Doc. 100). On the basis of the Telephonic Case Management Conference and the First Amended Case Management Report,

**IT IS HEREBY ORDERED:**

1. <u>Deadline for Initial Disclosures</u>. Initial disclosures required by Federal Rule of Civil Procedure 26(a) have been exchanged.

2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for motions to join parties, amend pleadings, and file supplemental pleadings is **60 days** from the date of this Order.

3. <u>Discovery Limitations</u>. Each side may propound up to 20 interrogatories, including subparts, 20 requests for production of documents, including subparts, and 15 requests for admissions, including subparts. Each deposition shall presumptively be

1  limited to seven (7) hours of actual on the record time (for Brian Koehn, Plaintiffs shall be
2  limited to four (4) additional hours of actual on the record time); this time may be extended
3  by agreement of the parties or Court Order.

4      4. <u>Fact Discovery</u>.  The deadline for completing fact discovery, including
5  discovery by subpoena, shall be **February 11, 2022**.  To ensure compliance with this
6  deadline, the following rules shall apply:

7      a. Depositions: All depositions shall be scheduled to commence at least
8  **five working days** prior to the discovery deadline.  A deposition commenced five days
9  prior to the deadline may continue up until the deadline, as necessary.

10     b. Written Discovery: All interrogatories, requests for production of
11  documents, and requests for admissions shall be served at least **45 days** before the
12  discovery deadline.

13     c. The parties may mutually agree in writing, without Court approval, to
14  extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal
15  Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend
16  the discovery deadlines set forth in this Order.

17     d. Special Provisions Regarding Rule 34 Responses:  Objections to Rule
18  34 document production requests shall be stated with specificity; general or boilerplate
19  objections are not permitted.  Document production in response to a Rule 34 request must
20  be completed no later than the time specified in the request or another reasonable time
21  specified in the response.  An objection to a Rule 34 request must state whether any
22  responsive materials have been withheld on the basis of that objection.

23     5. <u>Expert Disclosures and Discovery</u>.

24     a. Plaintiffs shall provide full and complete expert disclosures as
25  required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than
26  **October 22, 2021**.

27

28

   b. Defendants shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **November 24, 2021**.

   c. Rebuttal expert disclosures, if any, shall be made no later than **December 23, 2021**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

   d. Expert depositions shall be completed no later than **February 11, 2022**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

   e. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

   f. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id*. at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*. For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in mind.

        g.      Each side shall be limited to one retained or specially employed expert witness per issue.

    6.    <u>Discovery Disputes</u>.

        a.      If a discovery dispute arises, the parties promptly may call and shall email, with a copy to opposing counsel, the Court (602-322-7630; fine_chambers@azd.uscourts.gov) to request a telephone conference concerning the dispute.[2] The email should state the nature of the dispute in one to three sentences. The Court will seek to resolve the dispute during the telephone conference and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing before the telephone conference and/or after the telephonic appearance if the dispute does not resolve during the telephone conference. The parties shall not file written discovery motions without leave of Court.[3]

        b.      Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j)

        c.      Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

/ / /

/ / /

/ / /

---

[2] The Court welcomes a courtesy call to chambers that a discovery dispute email has been sent.

[3] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

      7.      <u>Dispositive and *Daubert* Motions</u>.

          a.      Dispositive motions shall be filed no later than **March 25, 2022**. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

          b.      No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of court.

          c.      The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion or response pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

          d.      *Daubert* motions shall be filed no later than **March 11, 2022**.

      8.      <u>Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **February 25, 2022**. Upon completion of such settlement talks, and in no event later than **one week after the deadline set forth in the preceding sentence**, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

      9.      <u>Briefing Requirements</u>.

          a.      All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

          b.      Citations in support of any assertion in the text shall be included in the text, not in footnotes.

      10.      <u>Deadline for Notice of Readiness for Pretrial Conference</u>. The Plaintiffs shall notify the Court that the parties are ready for scheduling a Final Pretrial Conference

pursuant to Rule 16(e).  The Plaintiffs shall file and serve this notice within **ten (10)** days after the dispositive motion deadline if no dispositive motions are pending on that date.  If dispositive motions are pending, Plaintiffs shall file and serve such notice within **ten (10)** days after the resolution of dispositive motions.  The District Judge assigned to this matter will then issue an Order Setting Final Pretrial Conference that (a) sets deadlines for briefing motions in limine, (b) includes a form for the completion of the parties' joint proposed Final Pretrial Order, and (c) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference.  The District Judge will set a firm trial date at the Final Pretrial Conference.

11. <u>The Deadlines Are Firm</u>.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.  The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

12. <u>Requirement for Paper Courtesy Copies</u>.  A paper courtesy copy of dispositive motions and any responses or replies thereto shall be either postmarked and mailed to the judge or hand-delivered *to the judge's mail box* located in the courthouse by the next business day after the electronic filing.  Please do not attempt to deliver documents to the Judge's chambers.  A copy of the face page of the Notice of Electronic Filing shall be appended to the first page of the courtesy copy.  Courtesy copies of documents too large for stapling must be bound with a metal prong fastener at the top center of the document or submitted in three-ring binders.

Dated this 26th day of April, 2021.

_____
Honorable Deborah M. Fine
United States Magistrate Judge