GARY M. RESTAINO
United States Attorney
District of Arizona
WILLIAM C. STAES
Assistant U.S. Attorney
Illinois State Bar No. 6314835
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Email: William.Staes@usdoj.gov
*Attorneys for the Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Claudia Romero-Lorenzo, et al., | No. CV-20-00901-PHX-DJH (DMF) |
| Plaintiffs, | **FEDERAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Brian Koehn, et al., | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 56, Defendants David Gonzales, U.S. Marshal for the District of Arizona; Donald W. Washington, Director of the U.S. Marshals Service ("USMS" or "Marshals"); and Michael Carvajal, Director of the Federal Bureau of Prisons ("BOP") (collectively, "Federal Defendants"), move for summary judgment on Plaintiffs' claims for declaratory and injunctive relief. This motion is supported by the below memorandum of points and authorities, the Federal Defendants' separately filed Statement of Facts in Support of Motion for Summary Judgment ("FDSOF"), the filings of Defendant Kris Kline joined and incorporated by reference herein, and all matters of record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs commenced this action on May 8, 2020, against Defendant Kris Kline, Warden of the Central Arizona Florence Correctional Complex ("CAFCC"), and the Federal Defendants, alleging that the policies, practices, and procedures implemented at CAFCC in

response to COVID-19 violate the Fifth Amendment. (*See generally* Doc. 1.) Plaintiffs contend that the "policies at [CAFCC] expose [them] to unreasonable risk of contracting COVID-19" and that Defendants "must respond" by "following [Centers for Disease Control and Prevention ("CDC")] and other public health guidelines." (*Id.* at ¶¶ 44-45.)

CAFCC is a private detention facility, owned and operated by CoreCivic, Inc., which houses federal criminal detainees pursuant to contract with the USMS. (FDSOF at ¶¶ 1-2.) In response to COVID-19, Defendants have taken and continue to take extensive precautionary measures—informed by and consistent with guidance from the CDC—to safeguard the health and wellbeing of detainees at CAFCC. Far from exhibiting "objective deliberate indifference" to the risks posed by COVID-19, an unprecedented "global pandemic effecting millions of individuals worldwide," *Burgess v. Newsom*, No. 1:21-cv-00077-SAB (PC), 2021 WL 4061611, at *4 (E.D. Cal. Sept. 7, 2021), Defendants made COVID-19 risk reduction an absolute priority.

Plaintiffs cannot meet their burden to produce evidence sufficient to support their claim for declaratory and permanent injunctive relief under the Due Process Clause of the Fifth Amendment. This case is about the current conditions and policies in place at CAFCC, not those that existed at the time Plaintiffs commenced this action. Since that time, there have been significant changes in the COVID-19 landscape, including the advent of "highly effective COVID-19 vaccines." *Williams v. Rodriguez*, No. 3:20-CV-806(VLB), 2021 WL 2037966, at *7 (D. Conn. May 21, 2021). CAFCC has implemented a COVID-19 vaccination plan and an extensive COVID-19 vaccination campaign. It has offered a COVID-19 vaccine to all detainees housed at the facility and is offering vaccines to all new detainees upon intake. On top of its vaccination efforts, CAFCC also continues largely to follow the same extensive policies and procedures implemented in response to COVID-19 at the outset of the pandemic, which this Court found to "reflect the recommendations from the CDC" when it denied Plaintiffs' request for preliminary relief. (Doc. 29 at 17.)[1] Given the extensive and reasonable

---

[1] More specifically, in denying Plaintiffs' request for preliminary relief the Court conducted its "own review of the CDC's *Interim Guidance*" and the policies "implemented by [D]efendants" at CAFCC and determined that "Defendants' policies reflect the

measures that CAFCC has implemented to protect detainees from the health risks posed by COVID-19, along with the fact that CAFCC has offered a COVID-19 vaccine to all detainees housed at the facility, Plaintiffs cannot establish their claim for declaratory and injunctive relief under the Fifth Amendment. For these reasons, along with those set forth more fully herein, summary judgment should be granted for Defendants.

## II.   STATEMENT ON JOINDER AND INCORPORATION

The Federal Defendants join and incorporate the factual and legal arguments set forth in Defendant Kline's Motion for Summary Judgment, as if fully stated herein. The Federal Defendants also join and incorporate the facts set forth in Defendant Kline's Statement of Facts in Support of Motion for Summary Judgment, as if fully stated in the Federal Defendants' separately filed Statement of Facts in Support of Motion for Summary Judgment.

The factual statements and legal arguments raised in Defendant Kline's Motion for Summary Judgment and Statement of Facts in Support of Motion for Summary Judgment apply with equal force to the claims asserted against the Federal Defendants, which allege that the policies, practices, and procedures implemented at CAFCC in response to COVID-19 violate the Fifth Amendment.

## III.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment by demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The movant need not disprove matters on which the opponent has the burden of proof at trial. *Id.* at 323-24.

Once the moving party meets the requirements of Rule 56 the burden shifts to the opposing party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also Matsushita Elec. Indus.*

---

recommendations from the CDC" and "have been implemented without unreasonable delay." (Doc. 29 at 17.)

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party may not "rest upon mere allegation[s] or denials of his pleading[s]," *Anderson*, 477 U.S. at 256, but instead must go beyond the pleadings to designate specific facts showing the existence of genuine issues of material fact for trial. *Celotex*, 477 U.S. at 324-25; *see also Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991) ("[T]he opposing party may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists.").

To overcome summary judgment the opposing party must demonstrate a factual dispute that is both material—it affects the outcome of the claim under the governing law, *Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine—the evidence is such that a reasonable jury could return a verdict for the non-moving party, *Anderson*, 477 U.S. at 248. While inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992), the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. A motion for summary judgment is not defeated where the evidence is "merely colorable" or "not significantly probative." *Anderson,* 477 U.S. at 249-50; *see also Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1183 (9th Cir. 2005). Where, as here, the non-moving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

**IV.   ARGUMENT**

    **A.   Plaintiffs' Claims Should Be Dismissed as Moot.**

The Federal Defendants join and incorporate the factual and legal arguments set forth in Defendant Kline's Motion for Summary Judgment, as if fully stated herein. For these reasons, Plaintiffs' claims are moot and should be dismissed.

    **B.   Plaintiffs Failed to Exhaust Administrative Remedies.**

The Federal Defendants join and incorporate the factual and legal arguments set forth

in Defendant Kline's Motion for Summary Judgment, as if fully stated herein. For these reasons, Plaintiffs' claims are barred and should be dismissed because none of the named Plaintiffs exhausted their administrative remedies before filing this lawsuit, as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion … is mandatory.").

### C. Plaintiffs Cannot Establish a Fifth Amendment Violation.

The Federal Defendants join and incorporate the factual and legal arguments set forth in Defendant Kline's Motion for Summary Judgment, as if fully stated herein. For these reasons, Plaintiffs cannot establish that the conditions and policies implemented at CAFCC in response to COVID-19 violate their Fifth Amendment right to reasonable health and safety or that their detention constitutes "punishment" under the Fifth Amendment.

### D. The Federal Defendants Are Entitled to Summary Judgment on Plaintiffs' Fifth Amendment "Reasonable Health and Safety" Claim.

Plaintiffs also cannot show that the Federal Defendants – all high-ranking officials sued in their official capacities – implemented a policy, practice, or custom that resulted in the alleged Fifth Amendment violations or otherwise made an intentional decision with respect to COVID-19 at CAFCC that exposed Plaintiffs to a substantial risk of serious harm. For these reasons, in addition to the reasons set forth above, the Federal Defendants are entitled to judgment as a matter of law on Plaintiffs' claim that Defendants failed provide for their "adequate medical care" and "reasonable safety" in violation of the Due Process Clause of the Fifth Amendment. (Doc. 1, ¶¶ 25-27, 82.)

Pretrial detainees have a constitutional right to adequate medical care and reasonable safety under the Fifth Amendment. *Roman v. Wolf*, 977 F.3d 935, 943 (9th Cir. 2020); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996). Fifth Amendment claims brought by pretrial detainees are "evaluated under an objective deliberative indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). To prevail on their "reasonable health and safety claim" against an individual defendant, Plaintiffs must establish:

(i) the defendant made an intentional decision with respect to

- 5 -

> the conditions under which the [Plaintiffs] w[ere] confined; (ii) those conditions put [Plaintiffs] at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the [Plaintiffs'] injuries.

*Id.* at 1125. As to the third element, "the defendant's conduct must be objectively unreasonable," which requires the plaintiff to prove "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* "This 'reckless disregard' standard is a formidable one." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 636 (9th Cir. 2021). "Neither mere lack of due care, nor an inadvertent failure to provide adequate medical care, nor even medical malpractice, without more, is sufficient to meet this standard." *Id.* (internal quotations and alteration omitted). "Instead, a plaintiff must show that the defendant disregarded an excessive risk to the plaintiff's health and safety by failing to take reasonable and available measures that could have eliminated that risk." *Id.* (internal quotations and alteration omitted).

In addition, Plaintiffs bring their Fifth Amendment claim against the Federal Defendants solely in their official capacities. (Doc. 1 at ¶¶ 25-27.) "A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In order to prevail on such a claim, a plaintiff must show that "a policy, practice, or custom" of the governmental entity was "a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see also Childers v. Arpaio*, No. CV 09-1032-PHX-MHM, 2009 WL 1856605, at *2 (D. Ariz. June 29, 2009).[2] The Ninth Circuit has delineated this standard into four requirements: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a

---

[2] The Court previously determined in this case that because a government agency or entity can act only through its policies, practices, or customs, "the analysis of Plaintiffs' claims against Defendants is functionally identical" to that of a municipal liability claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (Doc. 45 at 3.)

policy, practice, or custom; (3) the policy, practice, or custom amounted to "deliberate indifference" to the plaintiff's constitutional right; and (4) the policy, practice, or custom was "the moving force" behind the constitutional violation. *See, e.g.*, *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020); *J. K. J. v. City of San Diego*, 17 F.4th 1247, 1255 (9th Cir. 2021); *Carlson v. Penzone*, No. CV 18-04111-PHX-SPL (JZB), 2020 WL 7135004, at *4 (D. Ariz. Nov. 16, 2020); *accord Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075-76 (9th Cir. 2016). To establish the policy, practice, or custom requirement, a plaintiff must demonstrate one of the following: (1) the officer "committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure" of the governmental entity, (2) the officer who committed the constitutional violation "was an official with final policy-making authority," or (3) "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). The deliberate indifference requirement contemplates an objective standard, requiring a plaintiff to show that policymakers had "actual or constructive notice that the particular omission [or act] is substantially certain to result in the violation of the constitutional rights of their citizens." *Castro*, 833 F.3d at 1076.

Here, Plaintiffs assert that the polices, practices, and procedures implemented at CAFCC in response to COVID-19 violate the Fifth Amendment. (Doc. 1 at ¶¶ 44, 61, 68, 75, 76.) Plaintiffs allege that "Defendants' generic policies" regarding COVID-19 are constitutionally "inadequate," without making any attempt to distinguish between the Federal Defendants and Defendant Kline as to the "policies" at CAFCC that ostensibly violate the Fifth Amendment. (*Id.* at ¶¶ 44-45, 61.)[3] To prevail against the Federal Defendants, Plaintiffs

---

[3] The distinction is important because CAFCC is a private detention facility that is owned and operated by CoreCivic, Inc., not the Federal Defendants. (FDSOF at ¶ 1.) CAFCC houses federal criminal detainees pursuant to contract with the USMS. (*Id.* at ¶ 2.) Under the contract, CAFCC is required to provide secure custody, safekeeping, housing, subsistence, and care of USMS detainees in accordance with applicable laws, standards, regulations, policies, and court orders applicable to the operation of the facility. (*Id.* at ¶ 3.) CoreCivic is also responsible for providing routine healthcare services to USMS detainees housed at CAFCC.

must prove the existence of a "policy or custom" that amounts to "deliberate indifference," *Lockett*, 977 F.3d at 741; *J. K. J.*, 17 F.4th at 1255, and that "policy or custom" must be "attributable" to the entity against whom the claim is asserted, *Steel v. Alameda Cnty. Sheriff's Off.*, 428 F. Supp. 3d 235, 240 (N.D. Cal. 2019); *see also Baker v. D.C.*, 326 F.3d 1302, 1306 (D.C. Cir. 2003); *Martinez v. Monterey Cty. Sheriffs Off.*, No. 18-CV-00475-BLF, 2019 WL 176791, at *4 (N.D. Cal. Jan. 11, 2019); *accord Davis v. Hubler*, No. 5:11-CT-3240-FL, 2014 WL 2587622, at *5 (E.D.N.C. June 10, 2014) (dismissing claim for injunctive relief against BOP employees who oversaw private prison contract because plaintiff failed to "identif[y] a BOP policy or custom" that caused the alleged constitutional deprivation). Plaintiffs have not identified a policy attributable to the Federal Defendants that caused the alleged violation of Plaintiffs' Fifth Amendment rights. Nor have Plaintiffs shown that the Federal Defendants or their employees – as opposed to CAFCC and its employees – adhered to such a policy with deliberate indifference to Plaintiffs' reasonable health and safety.

The Marshals adhere to and follow guidance from the CDC in responding to COVID-19 at detention facilities housing USMS detainees. (*See* FDSOF at ¶ 5.) The Marshals have sent CDC guidance on responding to COVID-19 in detention facilities to contract facilities housing USMS detainees. (*Id.* at ¶ 6.) The Marshals ensure that applicable standards and guidance provided to contract facilities is adhered to through audits and on-site Quality Assurance Reviews ("QARs"). (*Id.* at ¶ 7). The Marshals conducted a QAR on CAFCC in August of 2020 and concluded that CAFCC staff were following the CDC's COVID-19 pandemic guidelines applicable at that time. (*Id.* at ¶ 9.) The Marshals' adherence to CDC guidance does not reflect objective deliberate indifference to Plaintiffs' health and safety, and it cannot be considered the "moving force" behind the constitutional deprivations alleged in this case, as Plaintiffs themselves acknowledge that Defendants must address COVID-19 "by following CDC and other public health guidelines." (Doc. 1 at ¶ 45.)

Nor can Plaintiffs show that the Federal Defendants adhered to a longstanding practice or custom in reckless disregard of Plaintiffs' health and safety. A longstanding

---

(*Id.* at ¶ 4.)

practice or custom is one that is so "persistent and widespread" that it constitutes a "permanent and well settled" governmental policy. *Trevino*, 99 F.3d 911, 918; *Scalia v. Cnty. of Kern*, 493 F. Supp. 3d 890, 901-02 (E.D. Cal. 2019). To be sure, Plaintiffs have identified various practices or customs in their Complaint as allegedly problematic. *See, e.g.*, Doc. 1 at ¶¶ 49 (alleging "[s]ometimes" when a detainee is transferred to CAFCC he or she "is removed from quarantine" before "end of the 14 day period" by "mistake"), 53 ("[g]uards and other CoreCivic staff" not "consistently wearing masks"), 54 (insufficient access to masks), 55 (insufficient soap), 56 (inadequate and inconsistent sanitation), 58 (alleging detainees showing symptoms returned from quarantine "without being tested"). But even assuming these alleged instances of imperfect policy implementation or non-compliance persist at CAFCC today and amount to a longstanding practice or custom, Plaintiffs have no evidence that these practices or customs are attributable to the Federal Defendants, much less that they constitute "permanent and well settled" policy of the Federal Defendants. And Plaintiffs cannot show that the Federal Defendant endorsed, approved, or ratified any of these alleged instances of imperfect implementation or non-compliance that ostensibly violated Plaintiffs' constitutional rights. *See, e.g.*, *Davis*, 2014 WL 2587622, at *5 (granting summary judgment to BOP employees in official capacity suit because plaintiff had not "identified a BOP policy or custom which purportedly violated his constitutional rights," but rather "takes issue with the implementation of [contract facility's] policy by [contract facility] employees, which is not actionable … against BOP"); *Martinez*, 2019 WL 176791, at *3-4.

For similar reasons, Plaintiffs cannot show that the Federal Defendants "made an intentional decision" with respect to COVID-19 at CAFCC that exposed Plaintiffs to a "substantial risk of suffering serious harm." *Gordon*, 888 F.3d at 1125. Plaintiffs have no evidence that the Federal Defendants promulgated a policy, adhered to a longstanding practice or custom, or otherwise made any intentional decision with respect to COVID-19 at CAFCC that exposed USMS detainees to an unacceptable risk of severe illness or death from COVID-19. Rather, as noted above, the Marshals adhere to CDC guidance in responding to COVID-19 at detention facilities housing USMS detainees, which is exactly how Plaintiffs themselves

allege that Defendants must respond to the COVID-19 pandemic. (*See* Doc. 1 at ¶ 45.) Because Plaintiffs have no evidence that would establish a causal connection between any act, omission, policy, practice, or custom *attributable to the Federal Defendants* and the alleged constitutional violations in this case, their Fifth Amendment "reasonable health and safety" claim against the Federal Defendants fails as a matter of law. *See, e.g.*, *Cedillos v. Youngblood*, No. 1:21-cv-00138-DAD-BAM (PC), 2021 WL 2534534, at *3 (E.D. Cal. June 21, 2021) (COVID-19 claim failed where plaintiff did not to allege causal link between defendants and violations); *Burgess*, 2021 WL 4061611, at *4-5 (E.D. Cal. Sept. 7, 2021) (same); *Evans v. Milan*, No. 1:20-CV-70-AWI-HBK (PC), 2021 WL 4505962, at *9 (E.D. Cal. Oct. 1, 2021), *report and recommendation adopted sub nom. Evans v. Millam*, 2021 WL 4951542 (E.D. Cal. Oct. 25, 2021); *Davis*, 2014 WL 2587622, at *5; *Irabor v. Perry Cty. Corr. Ctr.*, No. CIV.A. 06-0483-BH-C, 2008 WL 1929965, at *4-5 (S.D. Ala. Apr. 30, 2008).

      **E.**      **The Federal Defendants Are Entitled to Summary Judgment on Plaintiffs' Unconstitutional "Punishment" Claim.**

Plaintiffs also cannot establish that the Federal Defendants imposed a restriction or condition in response to COVID-19 that reflects unconstitutional "punishment" under the Fifth Amendment. For this reason, in addition to the reasons set forth above, the Federal Defendants are entitled to judgment as a matter of law on Plaintiffs' Fifth Amendment impermissible "punishment" claim. (*See* Doc. 1 at ¶ 83.)

The Ninth Circuit has held that a pretrial detainee "cannot be subjected to conditions that amount to punishment." *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (internal quotations omitted); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Punishment may be shown through an express intent to punish or a restriction or condition that "is not reasonably related to a legitimate governmental objective." *Bell*, 441 U.S. at 539. The Supreme Court has long held that the government may "detain a person suspected of committing a crime prior to a formal adjudication of guilt," and that pretrial detention is a legitimate means of furthering the government's "substantial interest in ensuring that persons accused of crimes are available for trials and, ultimately, for service of their sentences." *Id.* at 534. A "condition or restriction of pretrial detention" that "is reasonably related to a legitimate governmental objective …

does not, without more, amount to 'punishment.'" *Id.* at 539; *Fraihat*, 16 F.4th at 647.

Here, Plaintiffs have no evidence that the Federal Defendants took any action in response to COVID-19 with an express intent to punish. In addition, Plaintiffs cannot establish that there is no rational relationship between their pretrial detention and a legitimate government interest, as the government undoubtedly has a legitimate interest in detaining certain individuals, such as Plaintiffs and the Pretrial Class members, prior to a formal adjudication of guilt to secure their presence at future court proceedings and to protect the community. *See, e.g.*, *Bell*, 441 U.S. at 534 (holding "confinement of [pretrial detainees] pending trial is a legitimate means of furthering [a substantial government] interest"); *United States v. Villegas*, No. 2:19-CR-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) (holding "pretrial detention for purposes of securing a defendant's appearance or protecting the public is not punitive under the Due Process Clause"); *United States v. Cox*, 449 F. Supp. 3d 958, 966 (D. Nev. 2020) (denying Fifth Amendment due process claim, holding pretrial detainee's continued detention is "reasonably related to the legitimate government interests of protecting the community and ensuring [pretrial detainee's] appearance at trial").

Moreover, as noted above, the USMS adheres to CDC guidance in responding to COVID-19 at detention facilities housing USMS detainees. (FDSOF at ¶ 5.) Adherence to CDC guidance does not reflect objective deliberate indifference on the part of the Federal Defendants or "create excessive conditions" amounting to unconstitutional punishment "either." *Fraihat*, 16 F.4th at 648 (holding "just as ICE's national directives" requiring "compliance with CDC Guidelines" did not "reflect deliberate indifference to COVID-19, they did not create excessive conditions of 'punishment' either"). Because there is a rational relationship between Plaintiffs' detention and legitimate government interests, and because Plaintiffs cannot show that any action by the Federal Defendants in response to COVID-19 created "excessive conditions," their unconstitutional "punishment" claim against the Federal Defendants fails as a matter of law.

### F. Defendant Carvajal Should Be Dismissed From This Action Because There Is No Live Claim Pending Against Him.

Plaintiffs' Complaint alleged two claims. In their first claim, Plaintiffs alleged that

Defendants Kline, Gonzales, and Washington subjected the putative Pretrial Class members to conditions of confinement that violate the Fifth Amendment. (Doc. 1 at ¶¶ 80-91.) Their second claim alleged that Defendants Kline and Carvajal subjected the putative Post-Conviction Class members to conditions of confinement that violate the Eighth Amendment. (Doc. 1, ¶¶ 93-103.) Named Plaintiffs Tracy Ann Peuplie, James Tyler Ciecierski, and Marvin Lee Enos were subsequently appointed as class representatives for the Pretrial Class and named Plaintiff Claudia Romero-Lorenzo was subsequently appointed as class representative for the Post-Conviction Class. (Doc. 69.)

The Court dismissed Plaintiffs' Eighth Amendment claims on behalf of the Post-Conviction Class on February 19, 2021. (Doc. 89.) Plaintiffs' sole claim alleged against Defendant Carvajal was their Eighth Amendment claim on behalf of the Post-Conviction Class. (Doc. 1 at 23.) Plaintiffs do not assert their Fifth Amendment claim against Defendant Carvajal. Plaintiffs' claim under the Eighth Amendment having been dismissed, Defendant Carvajal should be dismissed from this action because there is no claim pending against him.

## V. CONCLUSION

For the above reasons, along with the factual and legal arguments joined and incorporated herein, the Court should dismiss this action and enter judgment in favor of Defendants on Plaintiffs' claims for declaratory and injunctive relief.

**RESPECTFULLY SUBMITTED** this 5th day of August, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/William C. Staes*
WILLIAM C. STAES
Assistant U.S. Attorney
*Attorneys for the Federal Defendants*

## CERTIFICATE OF SERVICE

I certify that on August 5, 2022, I filed the foregoing Notice of Service with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following parties in this case, who are registered in the CM/ECF System:

**Emma A. Andersson**
**Mark Carter**
**Alejandro Agustin Ortiz**
ACLU-New York, NY
125 Broad St., 18th Fl.
New York, NY 10004
Email: eandersson@aclu.org
Email: mcarter@aclu.org
Email: ortiza@aclu.org

**Benjamin C. Calleros**
**Jean-Jacques Cabou**
**Margo Rose Casselman**
**Matthew Robert Koerner**
**Thomas Dean Ryerson**
Perkins Coie LLP – Phoenix, AZ
2901 N. Central Ave., Ste. 2000
Phoenix, AZ 85012
Email: bcalleros@perkinscoie.com
Email: jcabou@perkinscoie.com
Email: mcasselman@perkinscoie.com
Email: mkoerner@perkinscoie.com
Email: tryerson@perkinscoie.com

**Somil Bharat Trivedi**
ACLU-Washington, DC
915 15th St. NW, 7th Fl.
Washington, DC 20005
Email: strivedi@aclu.org

*Attorneys for Plaintiffs*

**Christine Keeyeh Wee**
**Jared G. Keenan**
ACLU-Phoenix, AZ
P.O. Box 17148
Phoenix, AZ 85011
Email: cwee@acluaz.org
Email: jkeenan@acluaz.org

**Corene T. Kendrick**
**David Cyrus Fathi**
ACLU-Washington, DC
915 15th St. NW, 7th Fl.
Washington, DC 2005
ckendrick@aclu.org
dfathi@aclu.org

**Kyle Virgien**
ACLU-San Francisco, CA
39 Drumm St.
San Francisco, CA 94111
kvirgien@aclu.org

*Attorneys for Plaintiffs*

**Daniel Patrick Struck**
**Jacob Brady Lee**
**Nicholas Daniel Acedo**
**Rachel Love**
Struck Love Bojanowski & Acedo PLC
3100 W. Ray Rd., Ste 300
Chandler, AZ 85226
dstruck@strucklove.com
jlee@strucklove.com
nacedo@strucklove.com
rlove@strucklove.com

*Attorneys for Defendant Kris Kline*

*s/ Celescia A. Broughton*
U.S. Attorney's Office