Jean-Jacques Cabou (#022835)
Thomas D. Ryerson (#028073)
Matthew R. Koerner (#035018)
Margo R. Casselman (#034963)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone:  602-351-8000
Facsimile:  602-648-7000
JCabou@perkinscoie.com
TRyerson@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiffs*
*(additional counsel identified on signature page)*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Claudia Romero-Lorenzo; Tracy Ann Peuplie; James Tyler Ciecierski; and Marvin Lee Enos; each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Brian Koehn, Warden of the Central Arizona Florence Correctional Complex; David Gonzales, U.S. Marshal for the District of Arizona; Donald W. Washington, Director of the U.S. Marshals Service; Colette Peters, Director of the Federal Bureau of Prisons, in their official capacities,<br><br>Defendants. | No. CV-20-0901-PHX-DJH (DMF)<br><br>**PLAINTIFFS' MOTION TO REOPEN DISCOVERY TO OBTAIN TARGETED INFORMATION ON CURRENT COVID-19 PRACTICES AND MEMORANDUM IN SUPPORT** |

# MOTION

Plaintiffs move to reopen discovery for the limited purposes of updating the record for trial with targeted, current information. This motion is supported by the below memorandum of points and authorities. As is explained in more detail below, the parties have engaged in negotiations to attempt to come to an agreement on the scope of this discovery. As a result, portions of this motion are unopposed, and portions are opposed.

# CERTIFICATION OF CONSULTATION

Pursuant to Local Rule 7.2(j), counsel for Plaintiffs certify that, on August 1, 2023, they personally consulted with Defendants' counsel in a good faith effort to resolve the issues raised in this motion. The parties were unable to reach an agreement regarding certain portions of Plaintiffs' request for limited discovery.

# MEMORANDUM OF POINTS AND AUTHORITIES

# <u>INTRODUCTION</u>

This civil rights class action involves COVID-19 safety practices at the Central Arizona Florence Correctional Complex ("CAFCC"). Fact discovery in this case closed on February 11, 2022. Doc. 149. No trial date has yet been set, but the case will soon proceed to trial. *See* Doc. 246 (notice of readiness for final pretrial conference). Trial in this case involves a request for forward-looking injunctive relief and will revolve significantly around "developments that postdate the pleadings and pretrial motions." *Farmer v. Brennan*, 511 U.S. 825, 846 (1994) (citation omitted). The Court's summary judgment order indicated that trial should proceed on three specific issues: (1) the availability of antivirals, (2) the availability of boosters, and (3) efforts to identify and protect medically vulnerable people. Doc. 231 at 46. Because COVID prevention and treatment have evolved significantly since the close of fact discovery, Plaintiffs were largely unable to obtain information related to these three issues.[1] Therefore the parties lack a current record for

---

[1] For instance, after the close of fact discovery, the federal government took several steps to increase the availability of the antiviral drug Paxlovid. Tamara Keith, Eric McDaniel, *Biden will make Paxlovid, a highly effective COVID drug, available to more pharmacies*,

2

trial. To ensure a fair and efficient trial, Plaintiffs thus seek targeted discovery to update the record solely as to these three specific issues.

Good cause supports this request in its entirety. The portion that is unopposed will undisputedly aid in an efficient trial on a full record. The opposed portion should likewise be granted. Plaintiffs seek a targeted set of medical records that will be directly relevant to one of the key issues at trial: whether Defendants provided antiviral drugs to people eligible for them. Plaintiffs also seek three supplemental depositions of key fact witnesses on whom the Court relied significantly at summary judgment. These three depositions, each limited to four hours on the record, will provide updated information about developments since February of 2022. These depositions will also permit trial to proceed more efficiently, without the need for Plaintiffs to spend the Court's time taking testimony on new developments in the first instance. Finally, Plaintiffs seek an exchange of supplemental expert reports by the two experts in the case—which can double as written direct testimony at trial—and an additional deposition of each expert limited to four hours on the record. This supplemental expert discovery, too, will promote efficiency at trial by permitting the court to receive written expert testimony and by crystallizing both experts' testimony ahead of trial.

---

NPR Politics (Apr. 26, 2022), https://www.npr.org/2022/04/26/1094735822/biden-will-make-paxlovid-a-highly-effective-covid-drug-available-to-more-pharmac. Similarly, since the close of fact discovery, the FDA has authorized new, bivalent boosters, and the CDC has recommended an additional round of boosters for certain people. *Coronavirus (COVID-19) Update: FDA Authorizes Moderna, Pfizer-BioNTech Bivalent COVID-19 Vaccines for Use as a Booster Dose*, U.S. Food & Drug Admin. (Aug. 31, 2022), https://www.fda.gov/news-events/press-announcements/coronavirus-covid-19-update-fda-authorizes-moderna-pfizer-biontech-bivalent-covid-19-vaccines-use; *CDC simplifies COVID-19 vaccine recommendations, allows older adults and immunocompromised adults to get second dose of the updated vaccine*, Ctrs. For Disease Control and Prevention (Apr. 19, 2023), https://www.cdc.gov/media/releases/2023/s0419-covid-vaccines.html.

## BACKGROUND

Plaintiffs brought this suit on May 8, 2020, at the start of the COVID-19 pandemic. Fact discovery closed on February 11, 2022. Doc. 149. The Court ruled on Defendants' motions for summary judgment on March 30, 2023. Doc. 231 at 46. This order also referred the case to a settlement conference before Magistrate Judge Morrissey. *Id.* at 47. Magistrate Judge Morrissey declared that settlement conference futile on July 13, 2023, and the case will now proceed to trial. Doc. 244; Doc. 246.

## THE PARTIES' POSITIONS ON REOPENED DISCOVERY

Plaintiffs' proposal to supplement the record for trial has three components:

1) **Supplementation of existing requests under Federal Rule of Civil Procedure 26(e)** - This case has been narrowed since the discovery phase; accordingly, Plaintiffs proposed to Defendants a narrowed subset of Plaintiffs' initial discovery requests that Defendants should supplement under Rule 26(e). Defendants agreed to supplement this subset, consisting of four requests for production and six interrogatories. This supplementation is required automatically by Rule 26(e) and requires no Court order. *See Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 679 (N.D. Cal. 2015) ("The parties are expected to supplement and/or correct their disclosures promptly, … without the need for … an order from the Court.").

2) **Limited reopening of written discovery** – The limited and targeted reopening will be focused on documents and information that will be relevant at trial but were not available before the close of fact discovery. Plaintiffs provided Defendants with five Proposed Supplemental Interrogatories and a single Supplemental Request for Production—all narrowed to documents post-dating the close of fact discovery and one of the specific issues that will be relevant at trial. Exs. A, B, C at 6-7. Defendants agreed to respond to the Supplemental Interrogatories, but they oppose Plaintiffs' Proposed Supplemental Request for

Production.[2] Defendants requested 30 days to respond to these supplemental discovery requests, beginning when the Court rules on this motion. In the interests of narrowing the issues before the Court, Plaintiffs do not oppose this proposed timing.

3) **Limited fact and expert depositions with supplemental expert reports** - Plaintiffs propose tightly limited fact depositions, which will cover only three key fact witnesses—Warden Kris Kline, Health Services Administrator Kristyn Jaramillo, and Clinical Supervisor Carrie Rose—and may last no longer than four hours on the record. These fact depositions must be completed within two weeks after Defendants' responses to written discovery are due. Two weeks after these depositions are completed, the parties must serve supplemental expert reports by the two experts who have already been disclosed, which may also serve as written direct examinations at trial should the Court wish. Finally, expert depositions— also limited to four hours on the record—must be completed within one week after the parties' supplemental expert reports are due. Defendants oppose Plaintiffs' proposal for this phase of reopened discovery in its entirety.

## ARGUMENT

I.  **Good Cause Warrants Reopening Discovery to Allow the Parties to Present Relevant Facts about Current Conditions**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking" to modify the schedule. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). In the context of a motion to reopen discovery, the good cause inquiry involves several factors:

---

[2] Plaintiffs provided Defendants with a version of this Supplemental Request for Production. Defendants objected on burden grounds. Ex. C at 1-3. Plaintiffs offered to narrow the request to address Defendants' concerns and requested that Defendants respond by 4 pm today if they would withdraw their opposition to this Supplemental Request. *Id.* at 1. Defendants have not responded to this request as of filing. Plaintiffs use the narrowed version of this request for purposes of this motion. Ex. B at Supplemental Request No. 1.

1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). As explained below, these factors weigh in favor of reopening discovery.

### A. Plaintiffs Have Demonstrated Due Diligence Throughout the Initial Discovery Phase.

Plaintiffs begin with the "primary" focus of the Court's analysis: their diligence. *Johnson*, 975 F.2d at 609. Plaintiffs demonstrated due diligence throughout the initial discovery phase of this case, and they only require limited and targeted discovery to update the record with relevant facts that occurred after fact discovery closed.

Trial in this case will turn in significant part on facts about current conditions at CAFCC. In cases like this one that seek prospective injunctive relief against a detention facility, the facts related to the government's disregard of a risk of harm are not frozen at the time of the complaint. Instead, courts consider "the continuance of that disregard during the remainder of the litigation and into the future." *Farmer*, 511 U.S. at 846 (citation omitted). Thus "the inmate may rely, in the district court's discretion, on developments that postdate the pleadings and pretrial motions, as the defendants may rely on such developments to establish that the inmate is not entitled to an injunction." *Id.* (citations omitted). Here, the Court has already considered evidence from both parties post-dating the pleadings. *E.g.*, Doc. 321 at 38, 43-45 (considering both parties' evidence on the availability of boosters and antivirals, neither of which was available when the complaint was filed). Defendants have already submitted facts from after the close of discovery in a motion for reconsideration, and the Court considered those facts in denying that motion. Doc. 240 at 9 (considering updated "November 2022 CDC Guidance" submitted by Defendants).

The need for limited additional discovery in this case results from this legal requirement for up-to-date facts—not from any lack of diligence on Plaintiffs' part. Plaintiffs developed a detailed factual record that allowed the Court to find—at a

6

1  minimum—fact disputes on several issues in its summary judgment order. *See generally*
2  Doc. 231. Because of Plaintiffs' diligence, each of their proposed supplemental
3  interrogatories and requests for production is explicitly limited to documents and facts dated
4  after the close of fact discovery—seeking information and documents "from February 12,
5  2022 through the response date," "during the six-month period preceding the response
6  date," or "current as of the response date." Exs. A, B. Similarly, because of Plaintiffs'
7  diligence, they can limit additional depositions to just three witnesses, each of whom was
8  central to the Court's analysis on summary judgment, with just four hours on the record per
9  deposition. *See*, *e.g.*, Dkt. 231 at 13-14 (citing Plaintiffs' evidence from Warden Kline and
10 Kristyn Jaramillo on booster policies), 35 (citing Plaintiffs' evidence from Carrie Rose on
11 tracking of people with risk factors).

12         Defendants may argue that Plaintiffs' Supplemental Request for Production, which
13 seeks certain medical records, is not proper because Plaintiffs could have requested medical
14 records during the discovery period. That argument overlooks the fact that this request
15 directly, narrowly targets an issue likely to be central at trial that did not exist during the
16 fact discovery period. Antiviral medications first became broadly available in the Spring of
17 2022, after the February, 2022 close of fact discovery. *E.g.*, Keith, *supra* n.1. Defendants
18 contended at summary judgment that, even though they had not given a single dose of
19 antiviral medication to any of the numerous people who had tested positive, they had done
20 enough because they could go to a local Walgreens or CVS and buy the medication if
21 necessary. Doc. 221 at 21-22. They argued that Plaintiffs did not "cite any admissible
22 evidence showing … that the time it would take to get the medication from a local pharmacy
23 … would put detainees at risk of serious harm." *Id.* (citation omitted). In denying
24 Defendants' motion for summary judgment on this issue, the Court identified "at least a
25 question of fact that CAFCC providers either fail to make this evaluation [of eligible
26 patients for antiviral medications] or simply choose not to prescribe these treatments…."
27 Doc. 231 at 45. The most effective way for the Court to address Defendants' arguments and
28

assess this fact question at trial is to receive evidence about the medical records of people whom the NIH guidelines indicate should have received this treatment. Plaintiffs' Supplemental Request for Production targets these exact records. *Compare* Ex. B. at Supplemental Request No. 1 (seeking records for people "who are over 50 years old or have a Risk Factor") *with* National Institutes of Health*, Table 2a. Therapeutic Management of Nonhospitalized Adults With Mild to Moderate COVID-19 Who Do Not Require Supplemental Oxygen* (Jul. 21, 2023) (recommending antiviral treatment for people "at High Risk" and citing "older age" as a particular risk factor), https://www.covid19treatmentguidelines.nih.gov/tables/therapeutic-management-of-nonhospitalized-adults/. Plaintiffs could not have made this type of targeted request for this set of medical records during fact discovery because these drugs were not broadly available during fact discovery. Defendants may contend that Plaintiffs could have requested **all** medical records related to COVID-19 during fact discovery and thus should not be entitled to **any** medical records now. This contention is flawed: a request for **all** medical records earlier in the pandemic would not have targeted any specific issue in the case. Defendants contend that even this narrow Supplemental Request is overbroad, Ex. C at 1-3, so they certainly would have contended that an earlier request for **all** medical records would have been overbroad as well. Plaintiffs' diligence in avoiding this broader request for **all** medical records during fact discovery should not count against their attempt to obtain targeted information about a newly relevant issue.

B. **Plaintiffs' Proposal to Reopen Discovery for Targeted Information is Compatible with a Reasonable Trial Schedule.**

The Court also considers "whether trial is imminent." *City of Pomona v. SQM N. Am. Corp.,* 866 F.3d at 1066. A final pretrial conference has yet to be set. Plaintiffs propose a schedule for reopened discovery that will be complete 65 days after the Court grants this motion (30 days for written discovery responses, and then five weeks for fact depositions, supplemental expert reports, and expert depositions). This schedule will not delay trial. For example, in another, similar case, the court reopened discovery and ordered it to conclude

8

in 108 days. *Parsons v. Shinn*, No. 2:12-cv-00601-ROS, Doc. 3921 at 37 (D. Ariz. Jul. 16, 2021) (attached as Ex. D).[3]

Plaintiffs' schedule also permits for the exchange of supplemental expert reports that can be used at trial as written direct examinations. The Ninth Circuit has long "accepted and encouraged" replacing live direct testimony with written testimony as a "technique for shortening bench trials." *Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989). Plaintiffs' proposal "is a common-sense effort to further bring this matter to an efficient resolution." *Jensen v. Pratt*, No. 2:12-cv-00601-ROS, Doc. 3952 at 1 (D. Ariz. Sept. 2, 2021) (attached as Ex. E). Supplemental fact and expert witness depositions will likewise streamline trial by shortening cross-examinations and avoiding the need to spend trial time on exploratory questions probing facts that have occurred since February of 2022.

### C. Defendants Face No Undue Prejudice

The Court next considers "whether the non-moving party would be prejudiced." *City of Pomona*, 866 F.3d at 1066. Here, the Defendants will not be prejudiced because Plaintiffs have taken affirmative steps to narrow the discovery they seek only to the three issues left in the litigation. Where possible, Plaintiffs selected a targeted subset of their existing discovery requests for supplementation under Rule 26(e), thus avoiding the need to reopen written discovery on those topics. For the remaining issues, where reopened written discovery is necessary, Plaintiffs have tailored their requests narrowly. Defendants' agreement to all but one of Plaintiffs' proposed requests evidence such narrow tailoring. The sole written discovery request that Defendants oppose is narrowly tailored as well. For example, the request narrowly targets medical records for the particular set of class members who should have been prescribed antiviral medication due to age or risk factors.

---

[3] If the Court determines that 65 days is too long, Plaintiffs suggest that it may shorten Defendants' 30-day period to respond to written discovery to two weeks. Defendants have requested 30 days during the meet and confer process, and, in order to narrow the issues before the court, Plaintiffs do not oppose this timeframe. However, two weeks is sufficient, particularly because Plaintiffs first provided their supplemental discovery requests to Defendants on July 26. Ex. C at 6-7.

*Supra* at 7-8. Additionally, after Defendants expressed concerns about burden, Plaintiffs narrowed this request even further to seek only 10 days of medical records per person and to only seek a sample of records over the preceding six months rather than a full supplementation since the close of fact discovery. Ex. C at 1; Ex. B at Request No. 1. Plaintiffs limited the requested depositions to only four hours on the record and only as to the most important fact witnesses in order to alleviate any burden on Defendants. Further, Plaintiffs have streamlined expert discovery by proposing that supplemental expert reports also serve as written direct testimony further limiting any additional burden on Defendants at trial.

Defendants may claim some generic prejudice because they must "exhaust time and fees responding to discovery requests," but such generic claims do not weigh in this analysis. *Hannibal-Fisher v. Grand Canyon Univ.*, No. CV-20-01007-PHX-SMB, 2023 WL 34988, at *3 (D. Ariz. Jan. 4, 2023). Additionally, Defendants themselves have relied on evidence dated after the close of fact discovery. Doc. 232 (seeking reconsideration of partial denial of summary judgment because "circumstances have continued to evolve"); Doc. 233 (joining motion to reconsider). It is therefore fair to expect Defendants to provide documents and sit for depositions about the facts post-dating discovery on which they have relied. Regardless, any time and resources spent on discovery now will only further clarify the issues, which should alleviate the need for drawn out witness testimony at trial.

### D. Foreseeability Supports Good Cause

The Court also considers "the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court." *City of Pomona,* 866 F.3d at 1066. Plaintiffs seek only to update the record with facts that occurred after the close of discovery. *Supra* at 6-7. No amount of foresight could have permitted Plaintiffs to obtain this information before the close of fact discovery. To the extent that Defendants claim that such discovery could have been requested earlier, the need for discovery did not crystallize until it became apparent the parties would not reach settlement.

### E. Reopened Discovery Will Lead to Centrally Relevant Facts

Reopened discovery will lead to facts that are centrally relevant to the Court's determination at trial. As explained above, the Court's decision whether to issue prospective injunctive relief will turn almost entirely on current conditions at CAFCC. *Supra* at 6. The Court's summary judgment order identified three specific areas of inquiry for trial: (1) the availability of antivirals, (2) the availability of boosters, and (3) efforts to identify and protect medically vulnerable people. Doc. 231 at 46. The written discovery Plaintiffs seek directly targets updated information relevant to the first issue. Ex. A at Supplemental Interrogatory Nos. 1-5 (addressing orders, prescriptions, administrations, and stock on hand of antiviral medication); Ex. B at Supplemental Request No. 1 (seeking medical records of people who should have been considered for antiviral medication). Plaintiffs seek fact depositions of the three witnesses whose testimony the Court cited on the other two issues. *E.g.*, Dkt. 231 at 13-14 (citing Plaintiffs' evidence from Warden Kline and Kristyn Jaramillo on booster policies), 35 (citing Plaintiffs' evidence from Carrie Rose on tracking of people with risk factors). This updated discovery will significantly aide the Court at trial.

### CONCLUSION

Good cause supports the targeted reopening of discovery that Plaintiffs seek.

Dated this 4th day of August, 2023.

> AMERICAN CIVIL LIBERTIES UNION
> FOUNDATION OF ARIZONA
> By: *s/ Jared G. Keenan*
> Jared G. Keenan (#027068)
> 3707 N. 7th Street, Suite 235
> Phoenix, AZ 85014
> jkeenan@acluaz.org
> Telephone: 602-650-1854
>
> Jean-Jacques Cabou (#022835)
> Matthew R. Koerner (#035018)
> Margo R. Casselman (#034963)
> PERKINS COIE LLP
> 2901 North Central Avenue, Suite 2000
> Phoenix, Arizona 85012-2788
> Telephone: 602-351-8000

| | |
|---|---|
| 1 | Corene Kendrick* |
| | ckendrick@alcu.org |
| 2 | Kyle Virgien* |
| | kvirgien@aclu.org |
| 3 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| 4 | 39 Drumm St. |
| | San Francisco, CA 94111 |
| 5 | Telephone: 202-393-4930 |

Emma Andersson*
eandersson@aclu.org
Alejandro Ortiz*
ortiza@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Fl.
New York, New York 10004
Telephone: 917-345-1742

David Fathi*
dfathi@aclu.org
Somil Trivedi*
strivedi@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St., NW
Washington, DC 20012
Telephone: 202-393-4930

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2023, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants.

<u>*s/ Jared G. Keenan*</u>
Jared G. Keenan

13