IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Guadalupe Lucero-Gonzalez, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Brian Koehn, et al., <br><br> Defendants. | No. CV-20-00901-PHX-DJH (ESW) <br><br> **ORDER** |

On March 30, 2023, the Court granted in part and denied in part Defendants' Motions for Summary Judgment (Docs. 187, 194). (Doc. 231). The Court found that there are "genuine issues of material fact about some of Defendants' COVID-19 response measures, which, if shown to rise to the level of a Fifth Amendment violation, entitle Plaintiffs to prospective injunctive relief." (*Id.* at 30). The Court denied Defendants' request for reconsideration of its Order. (Doc. 240).

Pending before the Court is Plaintiffs' "Motion to Reopen Discovery to Obtain Targeted Information on Current COVID-19 Practices and Memorandum in Support" (Doc. 248), Defendants' Joint Response (Doc. 249), and Plaintiff's Reply (Doc. 250).

Plaintiffs' Motion recounts the parties' dispute concerning Plaintiffs' request to reopen fact discovery and expert discovery. (Doc. 248 at 4-5). Defendants' Joint Response explains that the parties have reached an agreement regarding Plaintiffs' request to reopen fact discovery. (Doc. 249 at 1). The parties agree to the reopening of fact discovery for

the limited purposes of supplementing written discovery responses, responding to limited additional written discovery, and taking supplemental depositions of three fact witnesses. (*Id.*). The remaining dispute concerns Plaintiffs' request to reopen expert discovery to (i) permit supplemental expert reports and (ii) permit expert depositions following service of any supplemental expert reports. (Doc. 249 at 7; Doc. 250 at 2).

Plaintiffs and Defendant Kline disclosed experts to opine as to the adequacy of the COVID-19 response measures at the Central Arizona Florence Correctional Complex. Plaintiffs disclosed Dr. Homer Venters as their expert. (Doc. 189-1 at 2, ¶ 1). Defendant Kline disclosed Dr. Owen Murray as his expert. (Doc. 186-1 at 4). Plaintiffs explain that they request to supplement Dr. Venter's report "only to address new factual evidence that they will obtain in supplemental fact discovery." (Doc. 250 at 6). Plaintiffs clarify that if "Defendants' expert does not provide a supplemental expert report, Plaintiffs will not take a supplemental deposition of him." (*Id.* at 4).

In *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017), the Ninth Circuit "instruct[ed] district courts to consider the following factors" when ruling on a motion to amend a Rule 16 scheduling order to reopen discovery:
> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

The Court finds that all of the above factors weigh in favor of the unopposed request to reopen fact discovery for the limited purposes set forth in Plaintiffs' Motion (Doc. 248). Regarding Plaintiffs' request to reopen expert discovery, the Court finds that the factor pertaining to whether the request is opposed weighs against Plaintiffs. The Court, however, concurs with Plaintiffs that the other factors weigh in favor of granting Plaintiffs' request to reopening expert discovery for the limited purposes set forth in Plaintiffs' Motion. First, trial is not imminent as no trial date has been set. The Court does not find that the non-moving parties will be prejudiced. The Court concurs with Plaintiffs that the record

supports that Plaintiffs were diligent in the initial expert discovery phase. The Court is persuaded that reopened expert discovery will allow Drs. Venters and Murray to explain how any new factual evidence inform their expert opinions. Finally, the Court does not find that the factor pertaining to "the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court" dictates a denial of the Motion. In sum, the Court finds good cause to grant Plaintiffs' Motion (Doc. 248) as set forth below.

Accordingly,

**IT IS ORDERED** granting Plaintiffs' "Motion to Reopen Discovery to Obtain Targeted Information on Current COVID-19 Practices and Memorandum in Support" (Doc. 248) as set forth herein.

**IT IS FURTHER ORDERED** that within **30 days** from the date of this Order, Defendants must respond to Plaintiffs' Supplemental Interrogatories and Supplemental Requests for Production, attached as Exhibit A and Exhibit B to Plaintiffs' Motion (Doc. 248).

**IT IS FURTHER ORDERED** that Plaintiffs may depose (i) Warden Kris Kline, (ii) Health Services Administrator Kristyn Jaramillo, and (iii) Clinical Supervisor Carrie Rose for no more than two hours on the record each. These depositions must be completed within **44 days** of the date of this Order.

**IT IS FURTHER ORDERED** that within **58 days** from the date of this Order, (i) Plaintiffs may serve a supplemental expert report of Dr. Homer Venters that addresses any new factual evidence obtained in the additional fact discovery detailed above and (ii) Defendants may serve a supplemental expert report of Dr. Owen Murray that addresses any new factual evidence obtained in the additional fact discovery detailed above.

**IT IS FURTHER ORDERED** that if Defendants serve a supplemental expert report of Dr. Owen Murray, then within **seven days** from service of such report, Plaintiffs may depose Dr. Murray for no more than two hours[1] on the record. If Plaintiffs serve a

---

[1] Defendants' Joint Response requests that if the Court allows Plaintiffs to depose Mr. Murray, that the deposition be limited to two hours (the same time limit that the parties agreed to with respect to the three additional fact witness depositions). (Doc. 249 at 9 n.4). Plaintiffs did not address this request in their Reply, and the Court finds Defendants'

supplemental expert report of Dr. Homer Venters, then within **seven days** from service of such report, Defendants may depose Dr. Venters for no more than two hours on the record.[2]

      **IT IS FURTHER ORDERED** that the parties shall file a Notice of Readiness for Final Pretrial Conference within **seven days** of the conclusion of the above discovery.

      Dated this 30th day of August, 2023.

                                                                  */s/ Eileen S. Willett*
                                       Honorable Eileen S. Willett
                                       United States Magistrate Judge

---

request reasonable based on the parties' briefing.

[2] Plaintiffs express that they seek to serve a supplemental expert report that "can double as written direct testimony at trial[.]" (Doc. 248 at 3). In their Reply, Plaintiffs state that they seek a court order permitting the parties to provide supplemental expert reports that are sufficiently detailed and complete that the parties may move the Court to present these supplemental reports in lieu of oral direct examination of each expert." (Doc. 250 at 8) (internal quotation marks omitted). Nothing in this Order prohibits the parties from serving a report that the parties deem capable of being used in lieu of oral direct examination. However, the Court does not mandate such a report and this Order does not decide whether written direct testimony will be permitted at trial.